CASE 13—CONTESTED ELECTION—MAY 1, 1884.

# Grinstead v. Scott.

### APPEAL FROM METCALFE CIRCUIT COURT.

A defeated candidate for the office of Clerk of a County Court has, under the statute, the right to contest the election of his successful opponent, upon the ground of his ineligibility; unless the contest rests upon a supposed criminal act which has not been tried and determined.

Grimstead v. Scott.

If the contest point to a supposed criminal charge, the party charged is entitled to his trial before a jury.

PRATHER & McQUOWN FOR APPELLANT.

The disqualification against appellee is that he had not resided in Metcalfe county one year next preceding the election.

That appellant has the right to contest appellee's election is amply sustained by authority. (Gen. Stat., sub-sec. 1, sec. 5, art. 7, ch. 33; Ramey v. Ractliffe, 81 Ky., 468; 16 Ohio, 184; 62 Mo., 422; Stevens v. Wyatt, 16 B. Mon, 547; 15 W. Va., 234; Balman v. McGowan, 1 Mel., 538; Com. v. Jones, 10 Bush, 725; 7 Dana, 237; 7 Bush, 133; 34 Texas, 64.)

A. W. SCOTT AND W. LINDSAY FOR APPELLEE.
No brief.

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT

Grinstead and Scott were candidates for County Clerk of Metcalfe County. Scott was elected, and Grinstead contested the election on the ground that Scott was ineligible because he had not resided in the county one year next preceding the election.

The contesting board sustained a demurrer to the notice of contest given by Grinstead to Scott, and dismissed the proceedings. An appeal was taken by Grinstead to the circuit court, where Scott again interposed a demurrer to the notice, and it was sustained, the proceedings dismissed, and judgment for cost rendered against Grinstead, who has appealed.

From the argument of counsel, we suppose, the contesting board and the circuit court dismissed the contest because Grinstead had no interest in the controversy, or that Scott would be denied a constitutional right if his ineligibility were inquired into by the board. The notice is sufficiently explicit. It points out the precise ground of contest. (Ramey v. Ratcliffe, MS Op., 1884; Dryden v. Swinburne, 15 W. Va., 234.) Subsection 1, section 5, article 7, chapter 33, General Statutes,

and subsection 8, section 1, article 7, *Ibid*, provides, " Where the person returned is found not to have been legally qualified to receive the office at the time of his election, a new election shall be ordered."

It was decided in the case of Stevens v. Wyatt, 16 B. Mon., that the county contesting board properly determined that Garrett was ineligible to the office of county clerk, because he had no certificate of qualification, and had not been a resident of the county for one year next preceding the election, although the contestant, Stevens, had been defeated at the polls by Garrett by a majority of forty-eight votes. That case settles the right of a defeated candidate to contest the election of his successful opponent on the ground of ineligibility of the latter.

It is needless to enter upon the theories of appellee's counsel as to the question whether Grinstead has any material or substantial interest in the contest. It is enough to say that the statute requiring a new election to be ordered on the ascertainment by the board of the want of qualification of the person returned, would be a dead letter if none but those entitled to the office could contest the election, for then no new election could be ordered, and no contest had, in which the want of qualification could be shown.

Thus the statute, by a species of logomachy, could be rendered wholly nugatory, and the precedent cited which has not before been questioned, disregarded, or overruled. We see no reason for adding any qualification to a contestant who has been the opposing candidate at the election, which would deny to him the right to contest the election on the ground of ineligibility,

where such ineligibility does not rest upon a supposed criminal act which has not been judicially ascertained, and in the determination of which the party charged is entitled to a trial, upon indictment, by a jury of his country. The case of the Commonwealth v. Jones, 10 Bush, instead of *militating* against the views. above expressed, clearly recognizes the doctrine, although the question here presented was not involved or properly before the court in that case for decision. It is said, in the course of the reasoning of the opinion, page 745: "The board had the power to ascertain whether Jones was a citizen of the United States; whether he had been a resident of the State of Kentucky two years next preceding his election; whether he was twenty-one years of age, and whether he had a certificate," etc. And surely if this be true, the county contesting board had the power to ascertain whether Scott had been a resident of the county of Metcalfe one year next preceding the election.

There is no crime or misdemeanor involved in the failure of Scott to be a resident of the county for one year next before the election; consequently none of his constitutional rights are affected by a decision of that question by the board, upon whom the legislature had the power to confer such jurisdiction.

It is true that subsection 2 of section 4, of article 7, chapter 33, General Statutes, requires the board to give its decision in writing and sign it in triplicate, and also to enter one copy on the minutes of the court, but the supposed dereliction of the board in failing to keep minutes and comply with that section does not appear by this record, and the question sought to be deter-

mined is not presented by the record, as there are no facts to justify the position of counsel for appellee.

The presiding judge of the county court who pre-sided over the deliberations of the board certified that the record, or transcript, filed in the circuit court on the appeal to that tribunal, was a true copy of the record and statement of costs in the cause of Grin-stead, contestant, against Scott, contestee. His certifi-cate was attached to the record at its close, and was officially signed by him. The record, he thus certified, bears an entry made and signed by the clerk of the circuit court, that it was filed September 10, 1883. It embraces a copy of the decision of the board as well as the notice and return, and the record before us shows a complete transcript of papers, which purport on their face to be the original papers and depositions used in the contest, and the clerk of the circuit court certifies that it is a true and correct transcript of all *the papers, proof, and judgment* of the court as appears from the record on file in his office. The presumption must, therefore, be indulged that the contesting board did its duty and kept minutes of its proceedings. This pre-sumption is strenghened also by the certificate of the official head of the board, which clearly implies that a record was kept by them, from which the copy he certified was taken. And as what appears to be the original papers and depositions used in the contest are on file in the circuit court, it must be presumed that the board did its statutory duty and filed them in the circuit court, through the clerk thereof, who is the proper person and custodian to whom such papers should be delivered by the board. For, if through that

channel, the circuit court comes into possession of the original papers, there can be no objection to the mode of filing or obtaining possession from the board.

The vital question is, are the papers the originals? Of this we are fully satisfied, from the official record itself, for the reasons above given.

As the circuit court dismissed the proceedings on demurrer to the notice, without deciding upon the questions of fact involved, we decline to decide the latter question until a final determination thereof by the circuit court on proper presentation to us by appeal. The demurrer should have been overruled and the cause heard upon the merits.

Wherefore the judgment is reversed, and cause remanded with directions to overrule the demurrer, and for further proper proceedings.