CASE 50—PETITION ORDINARY—NOVEMBER 17.

## Howes v. Perry.

APPEAL FROM JOHNSON CIRCUIT COURT.

1. To ENTITLE ONE TO RECOVER AN OFFICE he must show his title to the office. He can not recover for the want of title in defendant.

2. ELECTIONS.—One who has not received either a majority or a plurality of the votes cast at an election is not entitled to the office. There-

Howes v. Perry.

fore the fact that the candidate who received a majority of the votes cast at an election died before the polls closed does not give the only surviving candidate the right to the office, as he did not receive a majority of the votes cast.   And the votes for the deceased candidate, having been cast for him in good faith, it is immaterial whether they were cast before or after his death.

R. T. BURNS for appellant.

Appellant stands elected as though his name alone had been upon the poll books and he had received the votes he did.   The votes cast for the dead man, whether cast before or after his death, are nullities.

STEWART & STEWART for appellee.

1. A minority candidate can not, under any circumstances, be held to be elected to a public office.   (Cooley's Const. Limit, star page 620; Crawford v. Moliter, 23 Mich., 340.)
2. Where, for any reason not attributable to the electors, the popular will is not expressed, the election is void and a new one must be held. (Cooley's Const. Limit, star page 616; State v. Queen, 17 Atl. Rep., 952.)
3. A mistake of fact honestly made will not disfranchise a majority of the voters.   (Wood v. Bartling, 16 Kan., 109.)
4. Where the person receiving the highest number of votes is ineligible, or is not in being, the person receiving the next highest number of votes is not elected.   (Opinion of the Judges, 38 Me., appendix; Crawford v. Moliter, 23 Mich., 340; State v. Vail, 53 Mo., 97; Wood v. Bartling, 16 Kan., 109; Commonwealth v. Cheley, 56 Pa., St., 270; Saunders v. Haines, 13 Cal., 145; Dill. Mun. Corp., sec. 196 and notes and cases cited; Cooley's Const. Limit, 3d ed., 775 to 781; McCrary on Elections, double sections, 292 to 295 and 135.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

It appears from the petition of appellant, a general demurrer to which was sustained, that on the first Monday in August, 1890, he and S. T. Bayes were opposing candidates for election by the qualified voters of Johnson county to the office of County Court Clerk.  .That said Bayes died about 3 o'clock P. M. on the day of election, leaving appellant the only candidate or person to be thereafter voted for.   But that, nevertheless, the board of officers empowered and required by law to examine the poll books and give certificates of election refused to give

to appellant such certificate. And that afterwards, the judge of the Johnson County Court wrongfully declared the office of County Court Clerk vacant and appointed appellee to fill such vacancy.

As to the regularity of appellee's appointment and qualifications for the office in question we need not inquire, because to recover, which is the object of this action, it was incumbent upon appellant to show his title to it. He alleges that he received 498 votes, but at the same time admits that there were cast and recorded on the poll books for S. T. Bayes, the opposing candidate, a greater number of votes than for himself, which fact, in our opinion, is decisive against his right to the office.

It is a principle of free elections by the people, firmly fixed and understood, that no person is or can be regarded duly elected to an office unless when only two persons are voted for he receives a majority of the votes cast for them, or receives a plurality in case there are more than two voted for. Any other rule would be subversive of the fundamental idea of elections by the people under our form of government, which is that only that person shall be entitled to hold an elective office who appears, from the record of votes cast, to have been the choice of a majority or plurality of those voting in such election. There is no means of ascertaining whether S. T. Bayes had, at the time of his death, received more votes than the whole number given to appellant, nor is it necessary to inquire, for it is admitted by appellant he was not the choice of a majority of the qualified voters, whose votes were cast in good faith and recorded in that election, and that is enough to decide the contest against

him. And such is the well-settled rule, nowhere plainer than in section 2, article 5, chapter 33, General Statutes, where it is made the duty of the Comparing Board to give certificates of election to those who have respectively received the highest number of votes for any office within the gift of the particular county.

As, in our opinion, it is manifest, from the statements of appellant's petition, he is not entitled to the office sued for, the demurrer was properly sustained.

The judgment must be affirmed.