## Mellon v. Goble.

## Harris v. Goble.

(Decided October 23, 1925.)

## Appeals from Floyd Circuit Court.

1.  Elections—Statute Regulating Nominations Where Corrupt Practice Act is Violated is Valid as Applied to Primary Elections.— Ky. Stats., section 1565b11, providing that a nomination tainted with a violation of Corrupt Practice Act shall be declared void, and candidate receiving next highest vote, who did not violate act, may be declared nominess, is not an unreasonable regulation of such elections, and is valid as applied to primary elections.

2.  Elections—Where Both Parties Contesting Nomination Violated Corrupt Practice Act, Neither is Entitled to Nomination Under Statute.—Where evdence showed that both parties contesting a nomination were guilty of violating Corrupt Practice Act, neither is entitled to the nomination under Ky. Stats., section 1565b-11, provding that, where nomination is declared void, the party receiving next highest vote not violating the act shall be declared nominee.

3.  Elections—Court Cannot Declare a Candidate Nominated by Reason of Being Party to Suit, Where Candidate Who Should Have Been Nominated was Not Joined.—Where two highest candidates were denied nomination because of violation of Corrupt Practice

Act, a party not having next highest vote is not entitled to the nomination by reason of his being a party to the suit under Ky. Stats., section 1565b-11, where, though court cannot declare one nominated, who is not a party to contest, it also cannot declare one nominated who is a party to proceedings, where candidate who would be entitled to nomination was not a party to the suit.

4.  Elections—To be Entitled to Nomination, Contestant Must Show that all Candidates Receiving More Votes than he Violated Corrupt Practice Act, and that he was Free from Fraud.—In election contest brought by plaintiff, standing eleventh in voting, it is not sufficient to show that defendants who were the two highest candidates were not entitled to nomination by reason of fraud, but plaintiff has burden, under Ky. Stats., section 1565b-11, of proving that all candidates who received more votes than himself violated the Corrupt Practice Act, and that he was free from such violation.

JOSEPH D. HARKINS for appellant Mellon.

C. B. WHEELER and F. P. BELL for appellant Harris

JOHN C. HOPKINS, B. M. JAMES, JOE HOBSON, JOHN D. CARROLL and JOHN S. CARROLL for appellee Goble.

JOSEPH D. HARKINS and JOSEPH P. TACKETT for appellee Mellon.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

The two above styled actions have been consolidated and the appeals prosecuted together. The parties, Elige Goble, Bev. Mellon and George Martin Harris, will be referred to by their surnames rather than as appellant and appellee, since the latter terms are confusing in that the same parties are not appellant and appellee in each case.

Goble, Mellon and Harris were rival candidates for the Democratic nomination for jailer of Floyd county, Kentucky, at the late primary election. There were also fifteen other candidates for that nomination. As the returns of the election were canvassed by the county board of election commissioners, Goble received 1,364 votes, Mellon 1,306, and Harris 88. The returns as canvassed disclose that eight others of the candidates received more votes than Harris did. The certificate of nomination was awarded to Goble.

Within the required time Mellon instituted contest against Goble. His grounds of contest were: That the officers of the election at the various precincts by fraud

or mistake counted and certified for Goble votes that he did not receive and failed to count and certify for him votes that he did receive; that Goble was guilty of bribery and the corrupt use of money and other agencies to influence the voters at the election, in violation of the provisions of article 12a of chapter 41, Carroll's Kentucky Statutes, 1922, commonly referred to as the Corrupt Practice Act; and that numerous named illegal voters voted and illegal votes were cast for Goble at the election.

By answer Goble denied the allegations of Mellon's petition and pleaded against him by way of counter-contest the same grounds that Mellon had pleaded against him.

Within the time provided Harris instituted contest for the nomination in question, making both Goble and Mellon parties defendant or contestees in his proceeding. His grounds of contest were that both Goble and Mellon had violated in the respects specified the provisions of the Corrupt Practice Act, and that he (Harris) had not done so. Goble and Mellon denied Harris' right to maintain his contest, for the reason that eight other candidates received more votes than Harris did and that they were not made parties to his contest.

In the preparation of the case demurrers and motions too numerous to mention were filed and entered by the various parties, and we deem it unnecessary to pass upon the correctness of the trial court's rulings thereon. It is sufficient to say that when the cases came on for trial the issues were briefly those outlined above.

The trial court dismissed the contest of Mellon and that of Harris and declared Goble to have been nominated for the office in question. Both Mellon and Harris have appealed and the case is here on the issues suggested.

The case was submitted to this court on Tuesday, October 20th. There are approximately 1,500 typewritten pages of record herein. The time intervening before the general election is so limited that none save the decisive questions may be discussed and they only in the briefest way.

The evidence herein beyond question shows that both Goble and Mellon were guilty of gross corrupt use of

money and other agencies in procuring votes for themselves at the election in question.

That being true, the court must determine the effect of the provisions of section 1565b-11, Carroll's Kentucky Statutes, 1922 edition, reading:

> "In any contest over the nomination or election of any officer mentioned in this act, it may be alleged in the pleadings that the provisions of this act have been violated by the candidate or by others in his behalf with his knowledge, and if it so appears upon the trial of said contest, then said nomination or election shall be declared void, and it is hereby provided that the candidate who has received the next highest number of votes and who has not violated the provisions of this act shall be declared nominated (or elected) unless it also appears that one of the parties to the contest received a plurality of the votes cast and did not violate the provisions of this act."

The provisions of that section of our statutes providing that one receiving less than a plurality of votes may be declared elected as applied to general elections have been held to be unconstitutional. (See McKinney v. Barker, 180 Ky. 526.)

A primary election, however, is not a constitutional election. It is a creature of the legislature, and the legislature in providing for the holding of primary elections from the same source of power authorizing it to do so may also provide the regulations under which it may be held. The section, *supra*, together with the other sections going to make up what we commonly call our Corrupt Practice Act, were designed to secure free and fair elections. The section above providing that a nomination tainted with a violation of the Corrupt Practice Act may be held to be invalid and that the candidate receiving the next highest number of votes who did not violate the provisions of the act may be declared the nominee is not an unreasonable regulation of such elections. The court, therefore, concludes that the statute above is valid as applied to primary elections.

It appears, then, herein that Goble, who received the certificate of nomination, has been proved to have violated the provisions of the Corrupt Practice Act.

Therefore, the trial court, under the provisions of the statute, *supra,* erred in not declaring his nomination void.

As reference to the statute above will make manifest, Mellon, who received the next highest number of votes, then was entitled to be declared the nominee provided he himself did not violate the provisions of the Corrupt Practice Act. The record, however, discloses, that he, also, made corrupt use of money and other agencies to influence voters to vote for him at the election in question. Therefore, under the provisions of the act above he can not be held to be entitled to the nomination from which Goble has been ousted.

The question then arises as to whether or not George Martin Harris may be declared to be the nominee for the office in question. It is insisted for him that under section 1565b-11, *supra,* since for their violation of the provisions of the Corrupt Practice Act neither Goble nor Mellon may be declared the nominee for the office in question, he, the only other candidate for the nomination who is a party to this proceeding, must be declared to be entitled to it. Let's see if the act may be given that construction. Under that section of our statutes it was clearly intended by the legislature that, in a contest over the nomination for an office, under pleading authorizing proof on the issue, if it appears that the successful candidate violated the provisions of the Corrupt Practice Act, his nomination should be declared void; and in the event the candidate receiving the second highest vote appeared not to have violated the provisions of the act, if he be a party to the contest he should be declared the nominee. We think it very clear that in a contest proceeding the court may not declare one entitled to a nomination who is not a party to the contest proceeding. From that it does not follow, however, that if one who otherwise might have been declared the nominee is not a party to the contest proceeding the court may award the nomination to one who is a party to the contest to whom the nomination would not have been awarded if the other unsuccessful candidate had been a party to the proceeding. When Harris instituted his contest against Mellon and Goble in order to succeed in having himself declared entitled to the nomination in question, it was not sufficient for him to establish that Goble and Mellon were *not*

entitled to it.   The burden was upon him to go further
and establish that he *was* entitled to it.   In the race in
question there were eighteen candidates for the nomina-
tion.   Ten of them received more votes than Harris did.
The evidence establishes that because of their violation
of the Corrupt Practice Act Goble, who received the
highest number, and Mellon, who received the next
highest number of votes, are not entitled to the nomina-
tion under the provisions of section 1565b-11, *supra.*
Under that section of the statutes—and it is under its
provisions that Harris must succeed, if at all—before
manifesting his right to the nomination in question it
was incumbent upon Harris to establish by proof that
all of the candidates for the nomination in question who
received  more votes than he did were guilty of violating
the Corrupt Practice Act and that he was not guilty of
its violation.   The other eight candidates for the nom-
ination in question who received a greater number of
votes than Harris did were not made parties to his con-
test proceeding.   There is a total lack of proof in the
record herein that any of them violated any of the pro-
visions of the Corrupt Practice Act.   Therefore, Harris
fell that far short of manifesting his right to be declared
the nominee.   Under the act the court may not declare
one to have been nominated unless that one shall have
established by proof that he was the candidate who re-
ceived the highest vote who did not violate the Corrupt
Practice Act.

It follows, then, that because of his violation of the
Corrupt Practice Act the trial court should have de-
clared void Elige Goble's nomination as a candidate for
jailer.   For the same reason the prayer of the contestant
Mellon that he be declared entitled to the nomination
should have been denied.   His petition to that extent
should have been dismissed.   For the reasons above in-
dicated the prayer of the contestant Harris that he be de-
clared entitled to the nomination in question should have
been denied and his petition to that extent should have
been dismissed.   It follows that no one herein may be de-
clared entitled to the nomination in question.

For the reason indicated the judgment herein is re-
versed and this cause remanded, with direction that a
judgment consistent herewith be entered.