## Noble v. Bowman.

(Decided May 23, 1933.)

E. C. HYDEN for appellant.
WILLIAMS & ALLEN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming in part and reversing in part.

On July 2, 1932, an election was held in subdistrict No. 31, in Breathitt county, for the purpose of electing three school trustees. At this election J. W. Bowman, E. L. Noble, and Greely White were candidates, and Noble received 23 votes, White 22 votes, and Bowman 21 votes.

Within 30 days after the election Bowman filed a petition in equity against Noble and White, claiming that he was elected one of the trustees. In brief the grounds of contest were: Mary Brandenburg, who would have voted for contestant, was illegally refused the right to vote. Noble violated the Corrupt Practice Act (Ky. Stats. sec. 1565b-1 et seq.) by furnishing money to Dan Turner and his wife, Lillie, who were corruptly influenced to cast their votes for Noble and White. Contestant did not violate any provisions of the Corrupt Practice Act either in letter or in spirit. He asked that the vote of Mary Brandenburg be counted for him; that the votes cast by Dan Turner and wife be deducted from the number of votes counted for Noble and White; that Noble be adjudged ineligible to hold the office, and that the votes cast for him be adjudged illegal and void; and that contestant be adjudged one of the duly and legally elected trustees. In addition to filing a special and a general demurrer to the petition, Noble and White filed an answer denying the allegations of the petition and pleading grounds of counter contest, which it will not be necessary to set forth. On final hearing the special and general demurrers were overruled, and it was adjudged that contestant and not Noble was elected. Noble appeals.

It is first insisted that the special demurrer should have been sustained on the ground that contestant proceeded by "petition in equity" instead of by "petition," as provided by the statute, and the chancery court has no inherent power over contested elections. As jurisdiction of election contests is conferred on circuit courts by the statute, section 1596a-20, Kentucky Statutes, 1933 Supplement, and the procedure prescribed by the statute was substantially followed, the mere fact that contestant's pleading was denominated "petition in equity" instead of "petition," although the

question was raised by special demurrer, did not deprive the court of jurisdiction, and is too inconsequential to authorize a reversal. Hewlett v. Carter, 194 Ky. 454, 239 S. W. 789.

It is also contended that the court was without jurisdiction, as it did not appear in the petition that the action was instituted within 10 days after the final action of the board of canvassers. It must not be overlooked that the former statute containing that requirement was amended by chapter 51, Acts 1930, now section 1596a-12, Kentucky Statutes, 1933 Supplement, and that under the latter act the petition may be filed and process issued within 30 days after the day of election. As contestant proceeded in conformity with the statute, it cannot be doubted that the circuit court had jurisdiction.

On the question of bribery and violation of the Corrupt Practice Act, Richard Watkins, a friend and supporter of Noble, testified, in substance, as follows:

"He asked me did I reckon they wanted any money, they were hanging back, and wouldn't come up or go into the school house and vote, and I told him that I didn't know, and he asked me to go and see them and he gave me $2.00 and told me to give it to Dan, and tell his wife, Lillie Turner, that he would give her $1.50 if they would vote for him, and I went and gave the $2.00 to Dan, and Lillie said to me did I have anything for her, and I told her what Noble had said and she said to get it and give it to Dan."

Later on the witness got the dollar and a half from Noble and gave it to Dan Turner. Noble's explanation of the transaction is that he told Watkins that if he would go and get the Turners to vote he would give him $2 for his services, and that after the election he had in his hand $1.50 which Watkins grabbed and ran away with it. The Turners denied receiving any money for their votes. As the Turners did not vote until after Watkins obtained the $2 and went after them, and as Noble's explanation of what occurred, viewed in the light of all the circumstances, is not very convincing, we see no reason to disturb the court's finding that the money was furnished by Noble and was actually used to buy the votes of the Turners. That being true, the

court did not err in holding that the election of Noble was void. Kentucky Statutes, sec. 1565b-11.

It remains to determine whether the contestant Bowman was properly adjudged elected.

The statute provides, in substance, that, if it is alleged that the provisions of the act have been violated by the candidate, or by others in his behalf with his knowledge, and it so appears upon the trial of the contest, his nomination or election shall be declared void, and the candidate who has received the next highest number of votes, and who has not violated the provisions of the act, shall be declared nominated and elected, unless it also appears that one of the parties to the contest received a plurality of the votes cast, and did not violate the provisions of the act. Section 1565b-11, Kentucky Statutes. As applied to primary elections, the statute is valid, but as applied to regular elections the statute is invalid in so far as it provides that the candidate who does not receive a plurality of the votes cast shall be declared elected, although such candidate may contest the election of his opponent for a violation of the Corrupt Practice Act, and have the election declared void. McKinney v. Barker, 180 Ky. 526, 203 S. W. 303, L. R. A. 1918E, 581; Dempsey v. Cassady, 184 Ky. 548, 212 S. W. 573; Mellon v. Goble, 210 Ky. 711, 276 S. W. 830. As the election in question was a regular election, it follows that contestant was not entitled to the office unless he in fact received a plurality of the votes, a question which we shall proceed to determine. According to returns Noble received 23 votes, White 22, and contestant 21. As the election was viva voce, and the Turners, who were bribed to vote for Noble, did vote for him, their votes were illegal and should be deducted from Noble's vote, it not being necessary to show that they had been convicted of bribery. Cowan v. Prowse, 93 Ky. 156, 19 S. W. 407, 14 Ky. Law Rep. 273. However, there is no reason for deducting these two votes from White, as Watkins' evidence shows that the money was given him by Noble to get the Turners to vote for Noble, and it nowhere appears that it was part of the agreement or understanding that they were to vote for White. In order to make his vote larger than the vote of Noble, contestant insists that the vote of Mary Brandenburg should have been counted. It appears that her vote was challenged

on the ground that she was not a resident of the district, and that on her refusal to make an affidavit she was not permitted to vote. Conceding that she was entitled to vote, and would have voted for contestant, we know of no rule of law that permits the counting of a vote of a person who, after her right to vote is challenged, refuses to make the proper affidavit, and does not cast her vote. In the circumstances the vote of Mary Brandenburg cannot be added to the vote of contestant. Therefore, the final result is White 22, Noble 21, and contestant 21, and, even if White be eliminated in view of the fact that he has not prosecuted an appeal, it is clear that as between Noble and himself contestant has not received a plurality of the votes. In the circumstances the judgment should have gone no further than to declare that Noble was not elected, and should not have adjudged that contestant was elected.

Wherefore the judgment is affirmed in part and reversed in part, with directions to enter judgment in conformity with this opinion.