## Morgan v. Adams et al.

(Decided Sept. 29, 1933.)

JOE HALL for appellant.

D. I. DAY and EMERY L. FRAZIER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

At an election held on the last Saturday in July, 1932, in school subdistrict No. 3, Letcher county, the names of six candidates were entered on the poll sheets by the clerk of the election to be voted for to fill the offices of school trustees. Three trustees were to be elected. Upon a canvass of the returns by the county

board of education, it was found that Melvin Adams had received 79 votes, Byrd Adams 77 votes, Arch Adams 76 votes, John P. Pratt 70 votes, C. C. Morgan 65 votes, and Johnie Caudill 64 votes, and certificates of election were issued to Melvin Adams, Byrd Adams, and Arch Adams, and they took the oath of office and entered upon the discharge of their duties as school trustees.

C. C. Morgan brought this action against Melvin Adams and Byrd Adams, alleging that he had been duly and legally elected as one of the trustees in subdistrict No. 3, and was entitled to the office, and that Melvin Adams and Byrd Adams, though they had received a plurality of the votes cast, were disqualified to hold the offices to which they had been elected, and were usurpers, because, he alleged, each of them was unable to read and write a legible hand. The defendants demurred generally and specially to the petition; the demurrers were sustained; and, the plaintiff having declined to plead further, his petition was dismissed, and he has appealed.

The plaintiff based his cause of action on the theory that the defendants did not possess the qualifications required by section 4426b-1, Kentucky Statutes, 1933 Supplement, and that each of them was therefore ineligible to hold the office of school trustee, and that he, being entitled to the office, had the right to maintain an action to oust them as usurpers by virtue of the provision of section 483 of the Civil Code of Practice, which reads:

"If a person usurp an office or franchise, the person entitled thereto, or the Commonwealth, may prevent the usurpation by an ordinary action."

Section 484 of the Civil Code of Practice provides that it shall be the duty of the several commonwealth attorneys to institute actions against usurpers of county offices or franchises, if no other person be entitled thereto, or if the person entitled thereto fail to institute the action during three months after the usurpation. Section 485 of the Civil Code of Practice makes it the duty of the Attorney General to institute and prosecute an action for usurpation of other than county offices. The only person other than the commonwealth attorney or the Attorney General who may maintain an

ordinary action to prevent the usurpation of an office is the person entitled to the office, and he must show title in himself before he can oust the usurper.

In Wilson v. Tye, 126 Ky. 34, 102 S. W. 856, 31 Ky. Law Rep. 491, it was held, in construing sections 483-487, inclusive, of the Civil Code of Practice, that one in possession of an office, though he be a usurper, cannot be deprived of it at the suit of a claimant of the same office, unless the latter shows himself entitled thereto, and that the claimant cannot recover the office on the grounds that the defendant has no right to it. The plaintiff in the instant case in his petition concedes that each of the defendants received a plurality of the legal votes cast at the election. It is a well-settled rule that one receiving less than a plurality of legal votes cannot be declared elected, and the only exception to this rule is where a successful candidate has violated the Corrupt Practice Act (Ky. Stats. sec. 1565b-1 et seq.) in a primary election. This exception cannot be applied in a general election. The candidate for an office who has not received a plurality of the legal votes cast is not entitled to the office, although the candidate who received a plurality of the legal votes is, for any reason, ineligible. Grinstead v. Scott, 82 Ky. 88; Howes v. Perry, 92 Ky. 260, 17 S. W. 575, 13 Ky. Law Rep. 483, 36 Am. St. Rep. 591; McKinney v. Barker, 180 Ky. 526, 203 S. W. 303, L. R. A. 1918E, 581; Hardin v. Horn, 184 Ky. 548, 212 S. W. 573; Cooper v. Montgomery, 230 Ky. 633, 20 S. W. (2d) 479; Combs v. Brock, 230 Ky. 269, 42 S. W. (2d) 323; and Noble v. Bowman, 249 Ky. 343, 60 S. W. (2d) 948.

Since the plaintiff's petition disclosed that he had not received a plurality of the legal votes cast, it follows that he was not entitled to the office, and therefore could not maintain an action to oust the alleged usurpers. The trial court correctly sustained the demurrers to his petition, and the judgment is affirmed.