# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

# Supreme Court of Kentucky

## 2024-SC-0463-I

WILLIAM ZEITZ; AND
DENNIS HORLANDER

MOVANTS

ON MOTION FOR INTERLOCUTORY RELIEF
V.                  NO. 2024-CA-1095
FRANKLIN CIRCUIT COURT NO. 24-CI-00890

NIRUPAMA KULKARNI; BOBBIE
HOLSCLAW, JEFFERSON COUNTY
CLERK; COMMONWEALTH OF
KENTUCKY EX REL. STATE BOARD OF
ELECTIONS; AND KENTUCKY SECRETARY
OF STATE, MICHAEL ADAMS

RESPONDENTS

## OPINION AND ORDER

## DENYING INTERLOCUTORY RELIEF

In *Stephenson v. Woodward*, this Court determined "the effect of the disqualification of a candidate subsequent to the election is that no election has occurred and the true and legitimate will of the people has not yet been expressed." 182 S.W.3d 162, 173 (Ky. 2005). William Zeitz was the second-place finisher in the voided primary election for Democratic nominee for the Kentucky House of Representatives, District 40. Zeitz and Dennis Horlander now bring this motion to have Zeitz's name printed on the November general election ballot as the Democratic nominee for that office. For the reasons stated below, we find extraordinary cause but deny the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

The genesis of this motion arises from our resolution of *Kulkarni v. Horlander*, --- S.W.3d ---, 2024 WL 3929598 (Ky. Aug. 22, 2024) ("*Kulkarni I*"), wherein Horlander brought a bona fides challenge against Nirupama Kulkarni alleging one of the signatories of her nominating petition was not of the same party—Democrat—as Kulkarni and the error was not remedied in time. Although the action was initiated prior to the election, we ordered the primary election to continue with Kulkarni's name on the ballot. Kulkarni received the most votes in her district, beating Zeitz by a significant margin. No Republican candidate stood in the primary for the district.

Subsequent to the primary election, we resolved the challenge to Kulkarni's bona fides. We agreed with Horlander's argument and found Kulkarni's nominating petition failed to comply with KRS 118.125(2). Accordingly, we determined that Kulkarni was disqualified and wrote, "Consequently, 'the effect of the disqualification of a candidate subsequent to the election is that no election has occurred and the true and legitimate will of the people has not yet been expressed.'" *Kulkarni I* at *10 (quoting *Stephenson*, 182 S.W.3d at 173). We were not asked to determine the next steps following disqualification and we did not do so.

After we rendered *Kulkarni I,* the question of its effect was addressed, as the Court of Appeals detailed:

> The Secretary of State sent correspondence to the Executive Directors of the Kentucky Democratic Party and the Republican Party of Kentucky, certifying a vacancy in candidacy existed for the Office of State Representative, 40th Representative District since

August 22, 2024 (the date of the Supreme Court's opinion in Kulkarni I, pursuant to KRS 118.105(4). Thereafter, the Jefferson County Democratic Party selected Representative Kulkarni as the Democratic nominee for State Representative for the 40th House District in the general election. The Republican Party did not nominate a candidate.

In response, Zeitz and Horlander filed a Petition for a Declaration of Rights, Injunctive Relief, and Election Disqualification in the Franklin Circuit Court. They sought to challenge the Secretary of State's declaration of a vacancy and resultant nomination of Kulkarni; sought to enjoin the election officials from printing any ballots with Representative Kulkarni's name on them or counting any ballots for her; and sought to order the Secretary of State to issue a certificate of nomination to Zeitz, the other candidate in the Democratic primary election for State Representative for the 40th House District. The circuit court denied their motion for interlocutory relief.

*Zeitz v. Kulkarni*, 2024-CA-1095-EL, 3-4 (Ky. App. Sep. 20, 2024).

Zeitz filed a motion for interlocutory and emergency relief with the Court of Appeals. After we denied transfer, the Court of Appeals denied the petition for emergency relief as moot and denied the motion for interlocutory relief. In denying the motion for interlocutory relief, the court held that upon review of the statutes relating to vacancy, and in light of *Stephenson*, the determination of the circuit court to deny relief was not arbitrary, unreasonable, unfair, or unsupported by sound legal principles. Zeitz then filed this Motion for Emergency Interlocutory Relief pursuant to RAP[1] 20(F)(1) which we now address.

---

[1] Rules of Appellate Procedure.

3

**STANDARD OF REVIEW**

A party seeking relief under RAP 20(F)(1) faces a high bar. "The decision whether to review such order shall be discretionary with the Supreme Court. Such a motion will be entertained only for extraordinary cause shown in the motion." RAP 20(F)(1). "Demonstrating extraordinary cause is not an easy task—in fact we have recognized that the movant faces an enormous burden when requesting relief pursuant to CR[2] 65.09[3]." *EMW Women's Surgical Center, P.S.C. v. Cameron*, --- S.W.3d ---, 2022 WL 3641196, *3 (Ky. Aug. 18., 2022) (Minton, C.J., concurring in part) (quoting *Chesley v. Abbott*, 503 S.W.3d 148, 152 (Ky. 2016) (internal quotation and citations omitted)). However, among the "cases which demonstrate 'extraordinary cause,' abuses of discretion by the courts below can supply such cause." *Kindred Hosps. Ltd. P'ship v. Lutrell*, 190 S.W.3d 916, 918 (Ky. 2006) (quoting *Nat'l Collegiate Athletic Ass'n v. Lasege*, 53 S.W.3d 77, 84 (Ky. 2001)).

**ANALYSIS**

In this instance, we hold Zeitz has shown extraordinary cause. Zeitz presents us with an important issue to the voters of the Commonwealth less than one month prior to the general election. Such a situation presents sufficient probable cause for us to entertain the motion.

We begin with where we left off in *Kulkarni I*: "the effect of the disqualification of a candidate subsequent to the election is that **no election**

---

[2] Kentucky Rules of Civil Procedure.

[3] CR 65.09 is the predecessor to RAP 20(F).

**has occurred** and the true and legitimate will of the people has not yet been expressed." 2024 WL 3929598 at *10 (quoting *Stephenson*, 182 S.W.3d at 173) (emphasis added). From this proposition alone, Zeitz lacks any basis to argue that as the sole remaining candidate from the Democratic primary he is entitled, by default, to having his name printed on the November ballot. The Democratic primary election was, upon Kulkarni's victory and subsequent disqualification, null and void. The Democratic election had no winner, and it had no loser; it simply did not occur. Because no Republican candidate stood in the opposing primary, Kulkarni's disqualification created a complete vacancy.

We then follow our next directive in *Kulkarni I*: "when a nomination is invalidated and it is impractical to strike the candidate's name from the ballot, the provisions of KRS 118.212 shall be observed." 2024 WL 3929598 at *10 (citing *Barnard v. Stone*, 933 S.W.2d, 394, 396 (Ky. 1996)). KRS 118.212(4) provides,

> if there is only one (1) remaining candidate on the ballot for that office in a primary election, following the withdrawal or death of the other candidate or candidates, neither the precinct election officers nor the county board of elections shall tabulate or record the votes for the remaining candidate, and the officer with whom the remaining candidate has filed his or her nomination papers shall immediately issue and file in his or her office a certificate of nomination for that remaining candidate and send a copy to the remaining candidate.

We agree with the Court of Appeals, that KRS 118.212(4) is analogous to KRS 118A.150(6) in its effect on this situation and find *Kentucky State Board of Elections v. Faulkner*, 591 S.W.3d 398 (Ky. 2019), to be instructive. In

*Faulkner,* we determined that the substantially similar language contained in KRS 118A.150(6) did not entitle the third-place finisher in a judicial primary to be placed on the ballot after the death of the first-place candidate following the election. We observed that,

> The judicial primary election rules do not provide for a third-place finisher to appear on the general election ballot, and so if one of the top two finishers should be disqualified prior to the vote certification, by the same force of reasoning applied in *Howes*[ *v. Perry*, 92 Ky. 260, 17 S.W. 575 (1891)], *Morgan*[ *v. Adams*, 250 Ky. 441, 63 S.W.2d 479 (1933)], *Bogie*[ *v. Hill*, 286 Ky. 732, 151 S.W.2d 765 (1941)], and *Stephenson* that the second-place finisher is not entitled to ascend to the office, a third-place finisher in a judicial election should likewise not be permitted to ascend to the ballot without a specific legislative enactment authorizing it.

*Id.* at 412. The cases we cited to reach this proposition, "specifically refer[ed] to the principle that the second-place finisher in a general election may not ascend to the office if his opponent dies or is otherwise disqualified following the election[.]" *Id.* at 411-12.

The reasoning of *Faulkner* applies with equal force here. The partisan primary rules do not provide for the second-place finisher to appear on the general election ballot. As we said in *Stephenson*, "[v]otes cast for the unqualified candidate lack the import of those cast for a qualified candidate, as each vote could under no circumstances result in the placement of the candidate in the desired office." 182 S.W.3d at 174. While Zeitz is correct that we would be merely placing his name on the ballot—not placing him in office— in this instance the difference is negligible; the Republican Party has not

6

nominated a candidate so Zeitz's name would be the only one on the ballot, a distinct advantage over any write-in candidate.

Because the Democratic primary election was a nullity, a vacancy was created that needed to be filled. No candidate emerged from the primary for either party. The Democratic candidates both were undone by Kulkarni's victory and subsequent disqualification. Because no candidate stood in the opposing Republican primary, KRS 118.105(4) controlled. Pursuant to that statute,

> If a vacancy occurs in the nomination of an unopposed candidate or in a nomination made by the primary more than ten (10) days before the certification of candidates for the regular election, and if that party's nominee was the only political party candidate for the office sought, the governing authority of each party may nominate a candidate for the regular election, provided that no person has sought that party's nomination by filing a notification and declaration.

KRS 118.105(4). Given the total vacancy in nominations for the office of District 40 House Representative, the Secretary of State was correct in directing the parties to nominate a candidate.

## CONCLUSION

Based on the foregoing, although we find this important election issue presents extraordinary cause, we hold the trial court did not abuse its discretion in denying Zeitz and Horlander's motion for interlocutory relief.

7

Accordingly, we hereby order that Zeitz and Horlander's Motion for Interlocutory Relief be denied.

All sitting. All concur.

ENTERED: OCTOBER 24, 2024

_____
CHIEF JUSTICE

8