CASE 58.—ELECTION CONTEST PROCEEDING BY C. S. WILSON AGAINST RACHEL TYE.—March 29.

# Wilson v. Tye

Appeal from Whitley Circuit Court.

M. S. JARVIS, Circuit Judge.

From the judgment contestant appeals.   Affirmed.

1. Appeal—Harmless Error—Requiring Election—Requiring contestant in an election contest to elect whether to rely on the allegation in the petition that he was elected to the office, or the allegation that the election was void, is harmless, he having elected to rely on the former and having at the time of the order completed his proof which contained nothing to show that the election was void.

2. Elections—Contest—Eligibility of Candidates—Under Act October 24, 1900 (Ky. Stats. 1903, section 1596a), repealing the prior election contest law, which expressly authorized the question of the eligibility of the contestee to be passed on, and, in lieu thereof, providing that if it appears that there was such fraud that neither party can be adjudged to have been fairly elected, the court may adjudge that there has been no election, the question of eligibility for the office may not be passed on in an election contest.

JOHNSON & SNYDER and GREENE & VANWINKLE, for appellant.

We are satisfied that this case must be reversed for the reason that the appellee had not attained the age of twenty-four years on the first Monday in January, 1906, when by law she was required to qualify for the office in contest, if for no other reason: but we have prepared it to also test the question of the right of a woman to hold an elective office in this State, and we trust that the court will settle that question, not for us alone, but for the whole State, because from the inquiries we and our client have had, we know that the interest reaches as far as the information of the nature of the case has traveled.

Wilson v. Tye.

## AUTHORITIES CITED.

Kentucky Statutes, sections 4399, 4401, 4449, 3721, 3756, 4417, 4418, 4453; Kentucky Constitution, sec. 228; Union Centeral Life Ins. Co. v. Pollard, 64, Am. State Rep. 720; Wigmore on Evidence, sec. 1497; Edwards v. Logan, 7 S. W. 852; People Ex. Rel. Furman v. Clute, 10, Am. Reports, 511; McCreary on Election, sec. 330; Gulick v. New, 77 Am. Dec. 49; Robinson's Case, 41 Am. Report, 244; Opinion of Justices, 107, Mass. 604; Atchison v. Lucas, 83 Ky. 451; State v. Hostetter, 59 Am. Rep. 515; Harbour-Pit Shoe Co. v. Dixon, 60 S. W. 187; Stevens v. Wyatt, 16 B. Mon.; Com'lth v. Jones, 10 Bush; Howard v. Cornett, 1 S. W. 1; Kirkpatrick v. Brownfield, 31 S. W. 137; Durrett v. Stewart, 11 S. W. 773.

TYE, DENHAM & JACKSON for appellee.

1. A defeated candidate for a county office in this State has no right to contest the election of his successful opponent upon the ground of the ineligibility of such opponent. We think we make this statement advisedly and certainly not unmindful of the contrary holding of this court in Grinstead v. Scott, 82 Ky., 88.

2. Granting merely for the sake of argument that the appellant had the right to institute and prosecute this contest, and that the evidence of appellant establishes the fact that appellee was not twenty-four years of age on the first Monday in January, 1906, still we most assuredly contend that the appellee was not ineligible to hold said office by reason of her age or on account of her sex.

## AUTHORITIES CITED.

Grinstead v. Scott, 82 Ky., 88; Code, sections 480 and 483; Ky. Statutes, sec. 1596a, sub-sec. 12; People v. Mayne, 118 Cal., 517; People v. Mayne, 62 Am. St. Rep., 256; Kreitz v. Behrensmeyer, 125 Ill., 141; Greenleaf on Evidence, vol. 1, sec. 114d; Union Central Life Insurance Company v. Pollard, 64 Am. St. Rep., 720; Edwards v. Logan, 70 S. W., 852; Ky. Stats., sections 4402, 4400, 4399; Kirkpatrick v. Brownfield, 31 S. W., 137; Harbour-Pit Shoe Co. v. Dixon, 22 R. 1171; State v. Hostetter, 38 L. R. A., 208; Ky. Stats., sections 3721, 3727, 2445-6 and sections 4637 to 4645; Ky. Stats. sec. 457; McCreary on Elections, sections 327 to 331a; Howes v. Perry, 92 Ky., 260; People v. Clute, 10 Am. Rep., 515; Howard v. Cornett, 8 R., 52; Pratt v. Breckinridge, 23 R., 1357.

OPINION BY JUDGE NUNN—Affirming.

The appellant and appellee were opposing candidates for the office of county superintendent of common schools for Whitley county, at the November election, 1905. The board of election commissioners for that county canvassed the returns, and found that the appellee had received a majority of votes cast, and the board issued to her a certificate of election. On November 25, 1905, appellant filed a petition, under section 1596a of the Kentucky Statute 1903 and made appellee a defendant, and sought to have the court declare that she was not elected to the office; but that he was. He alleged in substance that she was not eligible or legally qualified to hold and perform the duties of the office, for the reason that she was not twenty-four years of age, at the time of her pretended election, nor would she be on January 1st, succeeding her pretended election, the time fixed by the statute for her to take the oath and assume the duties of the office. He also alleged that she was ineligible for the reason that she was a woman. He further averred that the ballots furnished by the county clerk used in the election, in the various voting precincts were illegal and void, and for that reason the election should be declared void.

On December 16, 1905, the appellee filed her answer, controverting the petition, and asserted that appellant and the county clerk, an ardent supporter of his, were responsible for the kind of ballots which were used at the election. On December 22, 1905, the appellant filed his reply which completed the pleadings. The apellant completed the taking of his proof, on January 6. 1906. The appellee did not take any testimony. On the 26th of January, 1906, the court

made the following order: "This cause having been submitted to the court on the motion of the contestee to require the contestant to elect whether the statements in the petition to the effect that contestant was duly elected to the office of common school superintendent in and for Whitley county, Ky., at the election which was held in said county on the 7th day of November, 1905, shall be stricken therefrom, or as to whether these statements therein to the effect that the election was void shall be stricken therefrom, and the court being advised, sustains the motion, to which the contestant excepts; but, being required to make the election, then and there elected that the statements in the petition to the effect that said election held on the 7th day of November, 1905, was void, shall be stricken therefrom, which is done, to all of which the contestant excepts." The appellant complains of this action of the court. We are of the opinion that appellant's rights were not prejudiced, by the action of the court in this matter. He had completed his proof before this order was made, and he had introduced no testimony, tending to show that the election was void. On February 3, 1906, the court tried the case, and found that the contestant had not shown himself entitled to the relief sought, and dismissed his petition. After a careful consideration of the former and present statutes upon the subject of contested elections we have arrived at the conclusion that the lower court did not err in dismissing appellant's petition.

Under the provisions of Rev. Stats. c. 32, art. 7, section 1, subsec. 8, p. 444, Gen. Stats. c. 33, art. 7, section 1, subsec. 8, p. 520, Ky. Stats. 1899, section 1531, subsec. 8, those authorized by law to determine the rights of the parties in contested election cases

were expressly authorized to pass upon the question as to whether or not the person who had received the certificate of election was eligible or legally qualified to hold the office at the time of the election, or at the time the persons should have been inducted into office; but this provision was repealed by an act of the Legislature, October 24, 1900, and, in lieu thereof, the following provision was inserted: ''In case it shall appear from an inspection of the whole record that there has been such fraud, intimidation, bribery, or violence in the conduct of the election that neither contestant nor contestee can be adjudged to have been fairly elected, the circuit court, subject to revision by appeal, or the Court of Appeals finally may adjudge that there has been no election. In such event the office shall be deemed vacant, with the same legal effect as if the person elected had refused to qualify.'' Section 1596a of the act of 1900, with all of its subsections, was especially enacted to give the courts the right to try contested election cases, in lieu of board of contest, and it defines the powers of the court and the rules of procedure in the trial thereof; this statute prescribes a special mode of procedure, and the court is compelled to conform to it in the trial of contested elections. It provides a speedy remedy. It prescribes within what time the petition, answer, and reply shall be filed, and within what time each of the parties must take their proof, and it requires both the circuit and court of appeals to hear and determine the case as speedily as possible, giving it preference over all other cases, and then defines how the court shall try it by ascertaining from the record who was elected; but if it appeared that there had been such fraud, intimidation, bribery, or violence in the conduct of the election that

neither the contestant nor contestee could be adjudged to have been fairly elected, the court, in such event, should adjudge that there had been no election.

In our opinion when the General Assembly enacted this statute, in lieu of the former statute, with reference to the trial of contested elections, it was intended to relegate the question of eligibility or legal qualifications for the office to a different or other mode of procedure. Consequently the lower court was without power in this action to pass upon the eligibility of the contestee to the office in contest.

For these reasons, the judgment of the lower court is affirmed.