CASE 6.—ACTION BY C. S. WILSON AGAINST RACHEL TYE, CONTESTING HER RIGHT TO HOLD THE OFFICE OF SUPERINTENDENT OF SCHOOLS, TO WHICH SHE WAS ELECTED OVER HIM.—June 4.

## Wilson v. Tye

Appeal from Whitley Circuit Court.

VIRGIL P. SMITH, Special Judge.

Judgment of dismissal and plaintiff appeals— Affirmed.

1.   Judgment—Conclusiveness—Election   Contest. — A   decision against an election contestant does not conclude him from asserting the contestee's ineligibility in a subsequent action to recover the office, where the Supreme Court on appeal in the contest refused to pass on that question.

2.   Officer—Usurpers—Action to Remove—Who May Maintain.— Although Civil Code Practice section 483, authorizes the Commonwealth or a person entitled to an office to prevent usurpation by an action, and section 484 requires the Commonwealth's attorney to bring the action against a usurper of a county office, if no other person be entitled thereto, etc., and section 487 provides that on the removal of a usurper the person adjudged entitled thereto shall be placed in possession, if the action be instituted by him—one in possession

Wilson v. Tye.

of an office, though a usurper, may not be removed at the suit of another claimant unless such claimant shows himself entitled to the office.

3. Same—Schools and School Districts—County Superintendent —Tenure.—Under Kentucky Statute 1903, section 4401, fixing the tenure of the county superintendent of common schools until his successor is elected and qualified, and providing, in case of contest, the superintendent of public instruction may recognize one of the contestants as the officer until the contest is settled, the courts having decided contestee was elected over contestant and she having qualified, the State superintendent having recognized her right to the office, and contestant having surrendered the official records to her, he was excluded from the office and may not sue to remove her from office, though she be ineligible.

JOHNSON & SNYDER, attorneys for appellant.

Appellant contends that appellee is ineligible to hold the office of county superintendent of schools for two reasons:

1. She is a woman.

2. She was less than 24 years old on the first Monday in January, 1906, when the term of the office to which she claims to have been elected began.

3. Appellant is entitled to hold the office in question till an eligible successor is chosen.

### AUTHORITIES CITED.

Ky. Stats., sections 3233, 3756, 4399, 4401, 4417, 4418, 4434, 4453, Civil Code chapter 13; Constitution of Kentucky, sections 72, 99, 228; Grinstead v. Scott, 82 Ky. 88; Wilson v. Tye, 92 S. W. 292; Atchison v. Lucas, 83 Ky. 451; Robinson's case, 41, Am. Rep. 244; Harbour Pitt Shoe Co. v Dixon, 60 S. W. 187; State v. Hostetter, 59, Am. State Rep. 515; Kirkpatrick v. Brownfield, 31 S. W. 137; Howard v. Cornett, 1 S. W. 1; Campbell v. Dotson, 63 S. W. 450; Hall v. Coulter, 78 S. W. 1110; Patterson v. Miller, 2 Met. 493; Com'lth v. Adams, 3 Met. 10.

TYE & DENHAM, attorneys for appellee.

### QUESTIONS DISCUSSED AND AUTHORITIES CITED.

1. An usurper is one who seizes an office by force, actual or

Wilson v.· Tye.

constructive, without color of right or title thereto. Palmer v. Com'lth, 29 Ky. Law Rep., at 220; Bouvier's Law Distionary; Mechem on Public Officers, section 320.

2.   One who assumes the duties of an office upon receiving a certificate of election from the county board of election commissioners is not an usurper. Nall v. Coulter, 25 Ky. Law Rep., 1891.

3.   A person does not have to be twenty-four years of age at the time of qualifying to be eligible to the office of county superintendent of common schools in this State.   Constitution of. Kentucky, section 100; Ky. Stats., sections 4399-4400; Acts of 1883-84, vol. 1 page 121.

4.   The county superintendent of common schools is not required to qualify as such officer on the first Monday in January after election. Ky. Stats., sections 4399-4402.

5.   A woman may hold an office of legislative creation in this State either by appointment or election. Ky. Stats., section 457;

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The parties to this action were opposing candidates for the office of superintendent of common schools for Whitley county, at the November election, 1905. Appellee was elected to the office over appellant by a majority of several hundred votes, and was duly awarded the certificate of election.   Thereafter appellant, claiming to have been elected himself · to the office, contested appellee's right thereto by suit in the Whitley circuit court.   The contest was decided by that court in appellee's favor and on the appeal prosecuted by appellant from that judgment it was by this court affirmed.   Wilson v. Tye, 122 Ky. 508, 92 S. W. 295, 29 Ky. Law Rep. 71.   Pending the appeal this action was instituted by appellant in the court below to recover of appellee the office in question upon the ground that she is a usurper; it being averred in the petition that at the time of her election, when she gave bond, took the oath of office, and entered

upon the performance of its duties, she was ineligible
and disqualified under the law to be elected to or
hold the same, first, because of her sex; second,
because she was then under the age of 24 years.   The
appellant's alleged right to the office is based by the
petition upon the ground that the election of appellee
and her induction into the office being void, he had
and yet has the right under the statute to remain in
possession of the office and to perform its duties until
a successor is duly elected.   Appellee answered, trav-
ersing the affirmative matter of the petition, and
alleging that the question of her eligibility to the
office in controversy was raised by appellant in the
action contesting the election, and that, the decision
of the contest having been adverse to his contention,
it constitutes a bar and estoppel to his right to rely
upon the same matter in the case at bar; furthermore,
that appellant after she took charge of the office of
superintendent of common schools for Whitley
county, by virtue of her election thereto, voluntarily
surrendered to her the office and acquiesced in the
action of the State superintendent of public instruc-
tion in recognizing her as the lawful incumbent
thereof, which acts and conduct of appellant were
also pleaded by way of estoppel.   The court below
upon the hearing entered judgment, dismissing appel-
lant's petition, and of that judgment he now com-
plains.

The pleas in bar and as to the first matter of
estoppel, are not available, because this court held that
the question of appellee's alleged ineligibility upon
which both pleas are predicated was not up for decis-
ion in the contested election case and refused to pass
on it.   Section 483, Civ. Code Prac., provides: ''If a
person usurp an office or franchise, the person entitled

thereto, or the commonwealth, may prevent the usurp-
ation by an ordinary action." Section 484 provides:
"It shall be the duty of the several commonwealth's
attorneys to institute the action mentioned in this
chapter against usurpers of county offices or fran-
chises, if no other person be entitled thereto, or if the
person entitled fail to institute the same during three
months after the usurpation." Section 485 confers
upon the attorney general authority to institute
actions for usurpation of other than county offices or
franchises, and section 486 declares who shall be
deemed usurpers. Section 487 provides: "A person
adjudged to have usurped an office or franchise shall
be deprived thereof by the judgment of the court,
and the person adjudged entitled thereto shall be
placed in possession thereof, but no one shall be
adjudged entitled thereto unless the action be insti-
tuted by him. * * *" It is plainly the meaning
of the section, supra, that one in possession of an
office, though he be a usurper, cannot be deprived of
it at the suit of another claimant of the same office,
unless the latter shows himself entitled thereto. On
the other hand, a mere usurper may be deprived of
an office in an action in the name of the commonwealth
brought by the commonwealth's attorney, if it be a
county office, or by the attorney general if other than
a county office, though there should be no other claim-
ant for it, and though the effect of ousting the usurper
would be to create a vacancy in the office. In Tillman
v. Otter, 93 Ky. 600, 14 Ky. Law Rep. 586, 20 S. W.
1036, 29 L. R. A. 110, it was held that in an action by
the commonwealth for usurpation of office, the burden
is on the defendant to show by what authority he
holds the office ,but, where a citizen sues to recover an
office, the burden is on him to show a right to it. He

cannot recover the office on the ground that the defendant has no right to it.

So in the case at bar the first question to be considered is: Would appellant be entitled to the office in question if it should be decided that appellee is illegally holding it? If not, it will be unnecessary to pass upon the question of whether she was elligible either at the time of her election, or when she qualified and took possession of the office. It is manifest that appellee was fairly elected to the office. This was demonstrated by her majority over appellant, by the certificate issued to her by the election board, and finally by the judgment of this court. It is equally manifest that upon or immediately following the execution by her of the required bond and the taking of the oath of office as superintendent of common schools for Whitley county appellant voluntarily surrendered to her the records of the office and paid her a small sum of money in his hands as the former superintendent. We do not hold that these acts of themselves amounted to such a recognition by appellant of appellee's right to the office as to constitute an estoppel, but we do mean to say that they indicated a purpose on the part of appellant to abandon any attempt to continue the duties of the office. Moreover, the subsequent act of the State superintendent of public instruction in recognizing appellee as the rightful incumbent of the office pending the decision of the election contest removed any necessity for appellant's holding over as former or outgoing superintendent and terminated his connection with the office. While it is true section 4401, Ky. St. 1903, which provides for the election of the county superintendent of common schools, fixes his term of office, etc., declares that he shall continue in office until his successor is elected

and qualifies, it likewise declares that, "in cases of controverted right to the office of county superintendent, the superintendent of public instruction shall have power to recognize a superintendent from among the contestants until the case has been settled." The object of this provision, as well as of the previous one empowering the county superintendent to continue in office until his successor is elected and qualifies, is to always keep an incumbent in the office to attend to the public business. Whether eligible to the office of county superintendent or not, the recognition of appellee by the State superintendent made her a de facto officer. "Where the law has provided that the office may legally be filled, then the acts of an incumbent may be valid, although not legally appointed, because the public, being bound to know the law, know that somebody may or should fill the place and perform the duties; and possession would as to them be evidence of title. But, where the law itself negatives the idea that there can be a legal incumbent, any one assuming to act assumes what every one is bound to know is not a legal office, and his acts cannot be effectual for any purpose." Mechem on Public Officers, sections 324-328. All the provisions of the statute, supra, should be considered together, and, when so considered, their meaning is clear. The courts having decided that appellant was not elected to the office of county superintendent, he has no right, therefore, to continue in office after the election and qualification of his successor. Both of these events happened in this case. When the successor qualified by virtue of her election and assumed the duties of the office, and this was followed by the State superintendent's recognition of her right to it, it was his duty to step down and out. Whether his successor became

superintendent de jure or de facto, did not concern him. She was there, as he had been down to the time of her qualification, an incumbent of the office to perform its duties and serve the public. If his right to continue in the office did not end with the election and qualification of appellee, it did in any event when he turned over to her the records of the office and she was recognized as county superintendent by the State superintendent. Upon being thus excluded from the office, he was excluded forever. He will not therefore be permitted to revive a right which had lapsed and ended, and as here attempted, create a vacancy in the office which he cannot fill.

The only authority cited by appellant's counsel as sustaining his contention is Howard v. Cornett, 1 S. W. 1, 8 Ky. Law Rep. 53. The report contains a mere abstract of the opinion which seems to hold that Howard, a county school commissioner, at the time of the passage of the act of May 12, 1884, creating the office of county superintendent, was entitled to remain in office in place of Cornett, although the latter had received a majority of the votes cast at the first election held for county superintendent in his county; but this was because Cornett had not been permitted to qualify, as he had failed, before offering to do so and also before his election, to procure of a circuit judge the certificate then required by law. That case is unlike the one at bar. Appellee did qualify at the time and in the matter required by the statute, and, having done so and her right to the office having also been recognized by the State superintendent, the provision of the statute that allowed appellant to continue in office until the happening of that event was fully complied with. If appellee was ineligible to the office

of county superintendent at the time of her election, or when she qualified, or she is now wrongfully in possession of the office, the commonwealth's attorney of the judicial district in which Whitley county is situated may maintain an action to deprive her of it. As no such action has been brought and appellant in the one before us has not shown himself entitled to the office in question, we see no reason for passing upon the question of appellee's eligibility.

Wherefore the judgment is affirmed.