## Buten v. Clark.

(Decided November 26, 1926.)

(Rehearing Denied, with Modification, January 21, 1927.)

### Appeal from Campbell Circuit Court.

1. Elections—Contestant's Delay in Taking Proof Held Not Excused by Failure to Pass on Demurrer to, and Motion to Strike Certain Matters from, Counter Contest (Kentucky Statutes, Section 1596a-12; Code, Section 557).—That court had not passed on election contestant's demurrer to counter contest and motion to strike certain matters from answer and counter contest, held no exsuse for his failure to take proof within 30 days after reply was filed, as required by Kentucky Statutes, section 1596a-12, especially as he could have begun taking depositions under Code, section 557, as soon as summons was served on contestee.

2. Elections—Election Contestant Must Comply with Statute Authorizing Contest.—Right to institute election contest is statutory and contestant must comply with terms of staute to avail himself of remedy provided.

WM. E. GALLAGHER and JNO. W. HEUVER for appellant.

L. J. CRAWFORD and C. C. MATZ for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

William C. Buten and William F. Clark were rival candidates for the office of judge of the Campbell county court.  Buten received the certificate of election and qualified.  Clark filed this contest and was adjudged to have been elected, and from that judgment Buten has appealed.  The facts out of which this contest grew will be found in the case of Wolff v. Clark, 212 Ky. 435, 279 S. W. 658.  After the decision of that case, on December 23,

1925, a certificate of election was issued to Buten, under which he qualified. Clark began this contest on January 9, 1926. Process was served on Buten on January 14. He filed his answer and counter-contest on February 1. Clark replied on February 9, thus completing the issues. On March 13, Clark made a motion to set this case down for trial before the court, and to require the evidence to be heard orally, to which Buten objected, and on March 23, when the evidence was heard, Buten objected to the testimony of each and every witness when offered, and at the conclusion of all of the evidence moved the court to suppress the evidence. All of his motions were overruled. The court took the case under advisement, and on June 8, entered a judgment declaring Clark to have been elected, from which this appeal is prosecuted.

Buten has set out with great elaboration and much citation of authorities, five different acts of the court, each of which he charges, was a reversible error; but we shall not discuss more than one of these, for that alone is sufficient to reverse this case. These issues were complete on February 9, when the reply was filed. Section 1596a-12, Kentucky Statutes, required the contestant to complete his proof within thirty days. Thus March 11 was his last day, and when that day came, he had taken no proof whatever, and he took no step to take proof until March 13, when he moved the court to set this case down for trial upon oral proof. Buten objected then, and objected to every step taken thereafter. Clark's excuse for not taking this proof sooner was that the court had not passed upon his demurrer to Buten's counter-contest, nor had the court passed upon his motion to strike from Buten's answer and counter-contest, certain matters which he, Clark, sought to have stricken. This demurrer and motion to strike were not passed on until March 8, and it is Clark's contention that the issues were not complete until those things were passed upon. From the record it appears that the demurrer and motion to strike were filed on February 13, 1926, and Clark has tendered an amended transcript wherein the clerk certifies that these papers were filed on February 9, and that they are so indorsed. Several affidavits were filed supporting this statement of the clerk, and Clark has made applicacation for a writ of *certiorari*, requiring the clerk of the Campbell circuit court to transmit to this court this original demurrer and motion to strike. If that were

done, and it should thereby be made to appear as is now contended by appellee, it would make no difference, for if these papers or motions were filed upon the 9th or upon the 13th, it would make no change in the result. Clark's rights to institute this contest are statutory. Every right he has must be found within the terms of the statute itself, and in order to avail himself of the remedy provided by the statute, he must comply with its terms. They are very simple. After providing for the filing of the contest, the answer and counter-contest, the statute then provides, ''A reply may be filed within ten days after the answer or answers are filed, but its affirmative allegations shall be treated as controverted, and no subsequent pleadings allowed.'' A reading of the statute is convincing that it was the intention of the Legislature that the time for taking of proof was to be computed from the filing of the reply. If this time is to be extended by the filing of a motion to strike and demurrer to the answer, then it can also be extended by filing a motion to strike and demurer to the reply. The result would be a prolonged controversy, which plainly, it is the intention of the statute to prevent. The people are interested in a speedy determination of these election contests and contestant and contestee must bring themselves within the terms of the statute. It is plain, and its meaning is unmistakable. All they have to do is to read it and observe it. There was no excuse for Clark's not taking his proof sooner than he did. By virtue of section 557 of the Code he could have begun taking depositions as soon as the summons was served on Buten. That service was had on January 14. There was no reason he should not have completed his proof in chief within the thirty days. When he did finally take it, he took it all in one day, and there is no excuse for waiting from the 14th of January to the 23rd of March to do this. The plain provisions of the statute were before him. Every right he had depended upon his observance of the statute. He failed to observe it; no agreement or order was made to extend the time, and he has no one to blame but himself. The evidence taken after the expiration of thirty days from February 9, was not taken in time, and Buten's motion to suppress it should have been sustained. For that error this judgment is reversed, and on the return of this contest, the trial court will dismiss it.

Clark's motions to set aside the order of submission, to file an amended transcript, and for a writ of *certiorari* are overruled.

The whole court sitting.