## Anderson v. McBrayer.

(Decided June 14, 1929.)

FORESTER & CARTER for appellant.

J. B. SNYDER for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

In a contest over the office of justice of the peace in district 3 of Harlan county, W. W. Anderson, the plaintiff, was unsuccessful, and he has appealed.

On November 3, 1925, J. N. Huff was elected justice of the peace in that district for the term of four years beginning January 1, 1926. Huff resigned some time in the early part of April, 1928, and on April 7 of that year the Governor appointed W. W. Anderson to fill the vacancy until the next succeeding election, at which city, town, county, district, or state officers were to be elected, occurring more than three months after the appointment. There was such an election held on November 6, 1928, but no political party had nominated a candidate to fill the vacancy, and there was nothing printed on the ballots to indicate that such a vacancy was to be filled.

A number of voters wrote upon their ballots the name of this office, the name of T. R. McBrayer thereunder, and voted for him. The votes were counted, he received a certificate of election, was duly commissioned,

and on November 20 was qualified, sworn, and entered upon the discharge of the duties of his office. He was so acting on November 24, 1928, when W. W. Anderson, claiming to be the rightful incumbent of that office, began this action to oust McBrayer therefrom. Anderson's petition was dismissed, and from that judgment he has appealed. The court did not err in dismissing this petition. If McBrayer was rightfully elected to, and inducted into, this office, no one could oust him, but, even if he were a usurper, Anderson would have to show his own right to the office before he could maintain this action. See section 483, Civil Code; Wilson v. Tye, 126 Ky. 34, 102 S. W. 856, 31 Ky. Law Rep. 491. This burden was on Anderson. See Hermann v. Lampe, 175 Ky. 109, 194 S. W. 122. By the express terms of section 152 of the Kentucky Constitution and section 1522 Kentucky Statutes, Anderson's tenure of this office came to an end on November 6, 1928, and thereafter he had no right thereto.

The judgment is affirmed.