## McWilliams v. Madison County et al.

(Decided April 26, 1932.)

J. P. CHENAULT for appellant.

JAMES S. LACKEY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—
Affirming.

In December, 1931, Albert Bogie, the sheriff of Madison county, died. Thereafter the appellant, John McWilliams, was appointed sheriff of Madison county to serve, as section 152 of the Constitution and section 1522 of the Statutes prescribe, until the regular election in November, 1932, when a successor to fill out the unexpired term of Albert Bogie must be elected. McWilliams brings this suit under the Declaratory Judgment Act (Civil Code of Practice, sec. 639a-1 to 639a-12), to have it determined whether he can collect the 1932 state and county taxes which remain unpaid at the annual election in November, 1932, despite the possible election of some person other than himself to fill out the unexpired term of Albert Bogie as sheriff, or must he turn over the collection of such unpaid taxes to whomever the people choose for sheriff at the coming November election.

The sheriff is, by virtue of his office, the collector of state and county taxes, unless their collection is expressly intrusted to some other officer by statute. Kentucky Statutes, section 4129. Section 4136 of the Statutes in substance provides that if a sheriff die, resign, or be removed during his term of office the sureties on his bond shall have the right to nominate a person "to collect the revenue for that year." This section, however, is not applicable to the state of case here presented, because the cessation of appellant's present term as sheriff by the election in November, 1932, will not be caused either by his death or his resignation, or by his removal from office within the meaning of that phrase; the word "removal," of course, meaning his removal for proper cause by proper authority. Section 4131 of the Statutes pro-

vides that on the failure of the sheriff or collector, where a collector of taxes other than the sheriff has been appointed, to execute bond and qualify for the office, there may be appointed a sheriff or collector ''to fill the vacancy until a sheriff or collector is elected.'' In this state of case it is obvious that the person appointed in the place of a sheriff or collector who has failed to qualify may collect the taxes only until a sheriff or collector is elected, and not for the entire year in which he is appointed. However, this section of the Statutes is not applicable to the present situation either, for appellant was not appointed to fill any vacancy caused by the failure of his predecessor to execute bond and qualify. We have been unable to find any statute expressly bearing on the precise situation presented by this record, and the two sections of the statute quoted fail to evince any settled policy on the part of the Legislature concerning the collection of taxes by a sheriff appointed to fill a vacancy until the next election, for in case the vacancy is caused by the death, resignation, or removal of a sheriff the sureties have a right to nominate a collector to collect the revenue for the year in which the sheriff dies, resigns, or is removed; but if the sheriff fail to qualify the county court may appoint to fill the vacancy one whose power to collect taxes is concluded by the next election to fill the office.

We are then relegated to the proposition that the only right appellant has to collect taxes is by virtue of the statute which makes the sheriff the collector of the taxes and the constitutional and statutory provision to the effect that one appointed to fill a vacancy holds office only until the next election, at which a successor may be elected. These constitutional and statutory provisions (Constitution, sec. 152 and Ky. Stats., sec. 1522) have been construed to mean that the term of the appointee ends on the day of the election at which a successor to fill out the unexpired term is elected. Anderson v. McBrayer, 230 Ky. 93, 18 S. W. (2d) 859. Therefore, appellant's office as sheriff in this case will cease with the election in November, 1932, and as, under the statutes, his only right to collect the taxes flows from the fact that he is sheriff, it follows that when he ceases to be sheriff his right to collect taxes will likewise cease. The case of Jones v. Gallatin County, 78 Ky. 491, which held that a collector, appointed to collect taxes for the year 1877 because the sheriff had failed to qualify, had the

right to collect the taxes for the entire year of 1877, was decided under a statute different in wording from section 4131 of our present Statutes, being the one which covers the situation of one appointed to collect taxes because of the failure of the regularly elected sheriff to qualify. In the Jones case the statute controlling was section 2 of article 8 of chapter 92 of the General Statutes of Kentucky, which provided that when the sheriff failed to give bond for the collection of the revenue "the county court shall appoint a collector of the revenue for that year." But, as stated, the Act of 1906, c. 22, art. 8, sec. 3, now section 4131 of the Statutes, has no such provision in it.

The judgment of the lower court being in accord with these views, it is affirmed.