## Adams v. Magisterial Dist. No. 5, Perry County.

(Decided May 1, 1934.)

114

J. B .EVERSOLE, J. K. P. TURNER and J. M. DIXON for appellant.

T. E. MOORE, Jr., for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

In August, 1933, there was filed with the clerk of the Perry circuit court a petition signed by 24 voters of magisterial district No. 5 in that county requesting a submission of the question to the voters of that magisterial district at the following November election as to whether cattle or any species thereof should be permitted to run at large therein. In preparing the ballots for the regular November election, the clerk caused to be printed on the ballots for each of the precincts within magisterial district No. 5 the question, "Are you in favor of making it unlawful for cattle [or any species thereof designated in the petition] to run at large on the public highways and unenclosed lands of magisterial district No. 5 in Perry county?" On a canvass of returns it was found that a majority of 61 voted in the affirmative, and the result was duly certified by the election commissioners of Perry county.

W. R. Adams instituted this action against magisterial district No. 5, alleging in his petition that he is and was on the day of the November election in 1933 a citizen and legally qualified voter of such district, and that he voted therein in the November, 1933, election on the question submitted as above indicated; that the petition requesting the question to be submitted was signed by only 24 voters, and therefore did not authorize the calling of an election to submit the question, and further that the fiscal court of Perry county did not approve the petition or make any order directing or calling an election thereby or thereunder; that the clerk had no authority to cause it to be printed on the ballots; and that his action in so doing was illegal and void. He asked that the election be declared illegal and void for the reasons set forth in the petition. From an order sustaining a special demurrer to the petition and dismissing same, plaintiff is appealing.

Section 4645m-1, Kentucky Statutes, prescribes the preliminary procedure and steps necessary to be taken before calling such an election. Among other things,

this section provides that an election in a single voting precinct may be called upon the petition of 25 legal voters and in a magisterial district upon the petition of 50 legal voters. No order of either the county or fiscal court with reference to the holding of such an election is found in the record, and it is alleged in the petition that no such order was made.

Section 4645m-6, Kentucky Statutes, 1930 edition, is, as stated in an editorial note, merely a re-enactment of former section 4650. This court in the case of Gabbard v. Roberts, 220 Ky. 480, 295 S. W. 438, held that so much of the latter section as provided for a contest of stock law elections is unconstitutional, but it is now contended by counsel for appellant that section 1, chapter 52, Acts of the General Assembly of 1930 (section 1596a-17, Carroll's 1933 Supplement to Kentucky Statutes), was enacted to cure this defect in the former statute, and conferred authority upon appellant to maintain this action.

So much of the latter section as is pertinent to the question reads:

"Any qualified elector may, as herein provided, contest an election, or demand a recount of ballots cast, on any bond issue or other public question that may be submitted to the voters of any county, city or district, for their approval or rejection. Any elector having the right to vote on the question submitted, and having voted thereon, may within thirty days after the election, file a petition against the county, city or district in which the election was held setting forth the grounds of the contest, or reasons for requesting a recount, with the Circuit Clerk of the county in which the election was held. The grounds of contest may be the casting of illegal votes, the exclusion of legal votes, the unfair or illegal conduct of the election, tampering with the returns, or the alteration of the certificates of the results, or bribery, fraud, intimidation or corrupt practices, or upon any ground tending to frustrate, obstruct or interfere with the free expression of the will of the voters."

It will be noted that appellant in his petition does not allege or rely on any of the grounds of contest specified in the quoted provisions of the act. Courts have no inherent power to determine cases involving

election contests. Bass v. Katterjohn, 194 Ky. 284, 239 S. W. 53. The right to contest an election is purely statutory, and, without a statute authorizing a contest, no such action can be maintained. Colvin v. Mills, 214 Ky. 812, 284 S. W. 115; Craft v. Davidson, 189 Ky. 378, 224 S. W. 1082; Harrison v. Stroud, 129 Ky. 193, 110 S. W. 828, 33 Ky. Law Rep. 653, 16 Ann. Cas. 1050. Where the statute authorizes an election contest, contest cases must comply with the provisions of the statute. Buten v. Clark, 217 Ky. 436, 289 S. W. 677.

Viewing the allegations of the petition in the light of the statute relied on as authorizing a contest of the stock law election and the authorities hereinbefore cited, it is at once apparent that this action cannot be upheld as a contest of the election sought to be nullified.

It is asserted by counsel for appellee that appellant had ample remedy which he might have pursued before the election was held and the result determined and certified, and that such remedy in this instance was exclusive, but in the circumstances we are not called upon to determine that question.

On the other hand, it is contended by appellant that, apart from the statute invoked as authorizing a contest of the stock law election, he had a right to maintain this action to have the election declared void, and as supporting this contention he relies on the case of Cary v. Simpson, County Judge, et al., 239 Ky. 381, 39 S. W. (2d) 668. In that case, Cary had permitted his stock to run at large in violation of the voted restriction and was charged with violating the law after it had been put in force by the election. Before the day set for his trial on the charge in the warrant issued by the county judge, Cary instituted an action in equity in the Cumberland circuit court alleging that the election was void because of failure to comply with preliminary steps prescribed by statute and certain irregularities in conducting the election. He asked and obtained a temporary restraining order enjoining defendants from prosecuting him under the warrant upon which he was arrested, contending that the election was void for the reasons set forth in his petition, and he prayed that on final hearing the injunction be made permanent. On the issues as made by a general denial of the material allegations of the petition and the proof heard, he was

117

denied the relief sought, and on appeal the judgment of the lower court was affirmed.

Without going into detail, it was held in effect that, in a collateral attack on an election regarding the running at large of live stock, courts cannot inquire into latent defects in the necessary steps preliminary to the calling of the election, but indicated that it would be otherwise if, upon the face of the record and papers embodying the steps to be taken for the calling the election, it should appear that the statutory requirements had not been complied with.

It will be noted that the case relied on by appellant was not an action to contest the election but an action to enjoin the prosecution of one charged with a violation of the law purporting to have been put in force by an election held under the provisions of section 4645m-1 et seq., Kentucky Statutes; therefore it has no application here.

An entirely different condition would be presented if appellant stood charged with a violation of the stock law and had instituted an action to enjoin the prosecution of the charge, on the ground that the election under which the law was attempted to be put in force was illegal and void for reasons set forth in the petition here. But this is not an action of that nature, neither, as already indicated, can it be sustained as a contest of the election as provided in chapter 52, Acts of 1932 (Ky. Stats. Supp. 1933, sec. 1596a-17 et seq.); therefore the lower court did not err in sustaining the demurrer and dismissing the petition.

Judgment affirmed.