## Hettel v. Furste, Court Clerk, et al.

(Decided Oct. 22, 1935.)

ALFRED P. LEWIS and WILLIAM A. PRICE for appellant.

J. RICHARD UDREY for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

On the 10th day of July, 1935, the appellant filed his petition in the Kenton circuit court, seeking to enjoin Sam Furste, clerk of the Kenton county court, from placing the name of Edward R. Manson on the official primary ballots for the election to be held August 3, 1935, as a candidate of the Democratic Party for the office of justice of the peace in and for the Sixth magisterial district for Kenton county, Ky.

In the original petition, he (the plaintiff) alleged, in substance, that on the —— day of June, 1935, he filed with the clerk of the Kenton county court his notification and declaration of nomination to the office of justice of the peace for the Sixth magisterial district of Kenton county for the purpose of having his name placed on the official primary election ballots as a candidate for the nomination by the Republican Party and said notification and declaration was subscribed and sworn to by him and there was filed therewith the proper affidavits of two electors of said district as required by law. He further alleged:

"Plaintiff further says that Edward R. Manson on July 3, 1935, filed in the office of the Kenton County Clerk his notification and declaration for nomination to the office of Justice of the Peace for the Sixth Magisterial District in Kenton County as a candidate for the nomination by the democratic party, *which notification and declaration was subscribed and sworn to by the said Manson and was*

*also accommpanied by what purports to be the affidavit of two reputable electors, members of the democratic party, which affidavit purports to be subscribed to and sworn to by the said electors, Harry Caldwell and Bryant Dishon.* (Our italics.)

"Plaintiff further alleged that the affidavits and certificates of notary public thereto were and are false and fraudulent, in that, the said Bryant Dishon never appeared before the said notary public whose name is signed to said certificates, never made oath to said affidavit before said notary public, or any other notary public, or other officer authorized by law to administer oath."

Later it was stipulated by the parties that Bryant Dishon, who signed Manson's notification and declaration and whose name appears in the certificate of the notary as having sworn to the notification and declaration, in fact did not swear to same before said notary or any other officer authorized to administer an oath. Upon these facts, he stated in conclusion that Manson's notification and declaration was void and does not authorize his name to appear upon the official ballots for said primary election.

Later he filed his amended petition alleging that he is a resident, a voter, and taxpayer of the said magisterial district and that there was a controversy existing between the parties, and asked for a declaration of rights under the provisons of the Declaratory Judgment Act (Civil Code Prac. sec. 639a-1 et seq.). Later he filed his second amended petition and asked that Manson be made a party defendant to the action, and alleged that Manson was ineligible to be voted for in the regular November, 1935, election as the nominee of the Democratic Party for the office of justice of the peace of said district, or to hold said office, on the ground that his notification and declaration filed with the clerk was void for reasons stated in his original petition, and prayed that Manson be adjudged to be without the qualifications to hold the said office of justice of the peace in said magisterial district, and that the clerk of the Kenton county court be enjoned from issuing to him a certificate of nomination and from causing his name to be printed on the official ballots in the regular November, 1935, election.

No copy of Manson's notification and declaration appears in the record. But according to the allegations of plaintiff, as indicated by the italicized part of his petition quoted above, the notification and declaration was regular on its face. In these circumstances the clerk had not only the right to, but it was his imperative duty to issue to Manson a certificate of nomination as provided in section 1550-9, Kentucky Statutes, which reads:

> "Immediately after the expiration of the time for filing applications and declaration for places on the ballot, if it should appear that there is only one candidate who has filed the necessary papers for place on the ballot of any party on whose ballot he is entitled to have his name printed, the officer with whom such papers are filed shall issue to such candidate a certificate of nomination, which shall have the same force and effect as the certificate of nomination provided herein to be issued by the canvassing officers."

In Hardin v. Horn, 184 Ky. 548, 212 S. W. 573, 576, speaking of the duties of election commissioners or county court clerk to issue certificates, it is said:

> "When the certificate shall have been seasonably filed with the clerk of the county court or other officer designated by statute according to the nature of the office, not only is it the duty, but he may also be required by mandatory injunction, to cause the name of the nominee as it appears from the certificate to be printed upon the ballot for the election at which such office is to be filled by election. Neither the election commissioners nor the clerk can refuse to perform the above-prescribed duties, *except in obedience to the judgment of the court when an opposing candidate to the one shown to have been nominated upon the face of the returns shall have instituted a contest and succeeded in having the apparent result changed or the certificate, if issued, declared invalid, or the nomination adjudged to be void."* (Our italics.)

The right of an opposing candidate to contest or question the certificate of nomination of his successful opponent is governed by section 1550-27, Kentucky Statutes, and in such cases the judgment of the circuit court is final. But appellant not being an opposing

848

candidate to appellee in the primary election, he has no right to question appellee's certificate of nomination which was or should be issued pursuant to his notification and declaration which, as has been stated, appeared to be regular and valid on its face for all purposes and intents. We know of no provision of the primary election laws authorizing appellant to maintain such action.

It is insisted, however, that appellant has the right to maintain this action under the authority of Schardein v. Harrison, 230 Ky. 1, 18 S. W. (2d) 316. That case involved the question of the *eligibility* of William B. Harrison to hold the office of mayor of the city of Louisville. It was not a contest over a certificate of nomination or the candidate's right to have his name printed on the official ballot for the office, upon the ground that his certificate of nomination was irregular or void. The question involved was one to be governed by the general laws, while the question here involved is governed by the primary election laws. We do not think the Harrison Case, supra, is analogous to the present case.

Wherefore the judgment is affirmed.

The whole court sitting.