## Rose v. Epperson.

(Decided March 25, 1938.)

THOMAS A. WALLER for appellant.

HARVEY T. LISLE and J. SMITH HAYS, JR., for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—Affirming.

Appellant brought this action as a resident, voter,

and elector, of the courthouse precinct in the Sixth magisterial district of Clark county, and as a member of the Democratic Party. It is alleged that the appellee, Robert L. Epperson, wrongfully and without right had his name placed on the special ballot in the Republican column as candidate for the office of magistrate for the Sixth magisterial district in Clark county; that the notification and declaration filed by appellee was void, and he was therefore wrongfully declared to be the nominee of the Republican Party; and that all votes cast for him at the election were null and void. It is asserted that the Democratic nominee, one William Luman, received all of the votes legally cast and that appellee was given a certificate by the Board of Election Commissioners as the successful candidate, but is not entitled to the office. It is asserted that Luman refuses to contest the election for reasons unknown to the appellant. Appellant asked that the court declare the appellee's election to be invalid and that the office of magistrate in the Sixth magisterial district be declared vacant. Appellee filed a special demurrer to the petition, and, without waiving the special demurrer, filed a general demurrer. The court sustained the special demurrer, and the plaintiff declined to plead further, whereupon judgment was entered dismissing the petition, and this appeal followed.

The right of appellant to maintain this action has been determined adversely to him in at least two cases. Hettel v. Furste, 260 Ky. 844, 86 S. W. (2d) 1018; Anderson v. McBrayer, 230 Ky. 93, 18 S. W. (2d) 859. Appellant insists, however, that section 1596a-12 of the Kentucky Statutes, providing for the contest of a general election, makes no provision as to proper parties plaintiff and that he is therefore properly in court under this section. It is true that section 1596a-12 itself makes no express provision on the subject, but a flood of light is thrown upon its intent when we consider section 1596a-17, expressly authorizing "any qualified elector" to contest an election held upon a bond issue or other public question. Plainly, if it was intended that section 1596a-12 should authorize a contest by any elector, it would be entirely unnecessary to have section 1596a-17 in the Statutes. In Combs v. Dixon, 215 Ky. 566, 286 S. W. 797, it was held that a candidate who could not be declared elected to an office could nevertheless maintain a contest. The privilege has never been extended be-

yond that point, and no reason appears why it should be. On the contrary, it seems manifest that a successful candidate, who has received his certificate of election, should not be harassed at the instance of a mere disgruntled elector.

Appellant urges that the general demurrer filed by appellee operated to waive any question of defect of parties. The record does not bear out his contention. It affirmatively appears that the general demurrer was filed "without waiving" the special demurrer. Furthermore, it may well be questioned if the general demurrer itself would not have presented the point. Compare Bancamerica-Blair Corporation v. State Highway Commission, 265 Ky. 100, 95 S. W. (2d) 1068, and cases there cited.

Judgment affirmed.