## Davis v. Stahl.

Oct. 3, 1941.

Harlin & Harlin for appellant.

Joe S. Garman, G. D. Milliken, Sr., Rodes & Willock and Charles R. Bell for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellant, Bert Davis, a citizen and voter of Bowling Green, filed this action contesting the nomination of six persons receiving the nomination for various county and city offices in Bowling Green and Warren County at the primary election on August 2, 1941, on the ground that they had violated the Corrupt Practice Act, Kentucky Statutes, Section 1565b-1 et seq. The trial court sustained a special demurrer to the petition on the ground that the appellant had no right to maintain the action and dismissed the petition. The appeal is from that judgment.

While it is conceded by the appellant that Section 1550-28 of the Statutes, providing for the contest of primary elections, authorizes only a candidate who was voted for at the primary election to contest the right of a candidate to the nomination claimed by him, he nevertheless contends that, necessarily, pursuant to Section 6 of the Constitution of Kentucky, providing that "all elections shall be free and equal," he has the right to file such a contest since a contrary ruling would be in effect to nullify the constitutional provision. An all sufficient answer to this contention is that this court has heretofore held that Section 6 of the Constitution has no application to primary elections, but applies only to general elections. Montgomery v. Chelf, 118 Ky. 766, 82 S. W. 388; Hodge v. Bryan, 149 Ky. 110, 148 S. W. 110.

Further, even though the constitutional provision relied on were applicable to primary elections, it is apparent that the appellant, merely a voter and not a candidate at the primary election, could not institute a contest. We have held many times that there is no inherent power in the courts to pass upon the validity of elections or to try contested election cases, their authority being wholly statutory, and that the right to institute

a contest must be found within the terms of the statute providing for contests. Some of these cases are Pflanz v. Foster, 155 Ky. 15, 159 S. W. 641; Buten v. Clark, 217 Ky. 436, 289 S. W. 677; Adams v. Magisterial District No. 5, 254 Ky. 113, 71 S. W. (2d) 21; Cole v. Ridings et al., 271 Ky. 158, 111 S. W. (2d) 605.

Section 151 of the Kentucky Constitution provides in substance that the General Assembly shall provide suitable means for depriving of office persons who, to procure nomination or election, have been guilty of fraud, intimidation, bribery or other corrupt practices. Pursuant to the authority and direction of this constitutional provision, the General Assembly, by the enactment of Section 1550-28, did provide a method of contesting primary elections adequate to deprive persons guilty of bribery or other corrupt practices of the nomination secured by such methods. In so doing it saw fit to confer the right of contest only on defeated candidates, which it had a perfect right to do pursuant to the authority conferred on it by the constitutional provision. As we said in Rose v. Epperson, 272 Ky. 765, 115 S. W. (2d) 336, even where a general election was under consideration, "it seems manifest that a successful candidate, who has received his certificate of election, should not be harassed at the instance of a mere disgruntled elector."

The appellant, as a mere elector, clearly had no right to contest the nominations of appellees and the trial court correctly so held.

Judgment affirmed.