## Little v. Bogie.

Oct. 23, 1945.

Rehearing Denied Oct. 30, 1945.

Delbert Eagle, T. J. Underwood and Elmer Drake for appellant.

Clay & Clay and G. C. Walker for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER

Reversing.

Appellant, George G. Little, being the only candidate, was certified as the Republican nominee for the office of County Tax Commissioner by the Garrard County Election Commission. Previous to the time of his declaration as a candidate, he successfully passed the examination given by the Kentucky Department of Revenue, and received a certificate attesting his eligibility for the office, pursuant to the provisions of KRS 132.380. Appellee, J. O. Bogie, is the Democratic nominee for the same office, and filed this action in the Garrard Circuit Court to enjoin the Clerk of Garrard County from placing appellant's name on the ballot to be voted in the regular election to be held November 6, 1945. In his petition, appellee alleges (which fact is conceded) that appellant on the date of the election will not have arrived at the age of twenty-four years. It is contended by appellee that this fact renders appellant ineligible to hold the office of Tax Commissioner of Garrard County, under the provisions of KRS 132.370(2). The Chancellor, granting the prayer of the petition, enjoined the Clerk from placing appellant's name on the ballot. The case is before us on appeal from that decision.

At the outset, we are confronted with the question of appellee's right to maintain the action. This question has been before the Court on numerous occasions; and, with one exception, Schardein v. Harrison, 230 Ky. 1, 18

S. W. 2d 316, we have held that a nominee of one political party has no right, before the general election, to question the certificate of nomination of his opponent, where the notification, declaration, and certificate of nomination are valid on their faces. Wilson v. Tye, 122 Ky. 508, 92 S. W. 295, 29 Ky. Law Rep. 71, and Id., 126 Ky. 34, 102 S. W. 856, 31 Ky. Law Rep. 491; Hardin v. Horn, 184 Ky. 548, 212 S. W. 573; Morgan v. Adams, 250 Ky. 441, 63 S. W. 2d 479; Hettel v. Furste, Clerk, 260 Ky. 844, 86 S. W. 2d 1018; and Wooten v. Smith, 288 Ky. 48, 155 S. W. 2d 466. In Hettel v. Furste, supra [260 Ky. 844, 86 S. W. 2d 1019] the Court said:

"But appellant not being an opposing candidate to appellee in the primary election, has no right to question appellee's certificate of nomination which was or should be issued pursuant to his notification and declaration which, as has been stated, appeared to be regular and valid on its face for all purposes and intents."

The author of the opinion from which we have quoted attempts to distinguish the case from Schardein v. Harrison, supra, which, as we have stated hereinbefore, is the only decision in this jurisdiction which can be construed to support appellee's contention. We think that the distinction is not well made. If a nominee of a political party does not have the right to question his opponent's eligibility to hold the office upon one ground, it cannot be said consistently that he has the right to challenge his eligibility upon another. To the extent that the opinion in Schardein v. Harrison, supra, conflicts with the other cases cited, it is overruled.

The judgment is reversed, with directions that the petition be dismissed.