## Aubrey v. Oak.

Oct. 23, 1945.

R. J. Wade for appellant.

R. L. Hardin and William G. Reed for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

On July 3, 1945, Ora Oak filed with the clerk of the Carroll county court his notification and declaration for the Democratic nomination for the office of magistrate in the Second Magisterial District of Carroll county. No other candidate filed nomination papers within the time required by law, and on July 7, 1945, the county clerk issued to Oak a certificate of nomination. On July 15th Arthur Aubrey, a citizen and resident of Carroll county and a legal voter in Magisterial District No. 2, brought an action against Ora Oak and C. S. Griffith, the county clerk, in which he asked that the clerk of the Carroll county court be enjoined from causing the name of Ora Oak to be printed on the official ballots in the regular November, 1945, election. He alleged in his petition that the notification and declaration filed by Oak on July 3, 1945, was void because it failed to contain all the necessary matter set out in KRS 119.050. Oak had filed a supplemental notification and declaration on July 9, 1945, in which he set out the omitted matter, but it is unnecessary to determine whether or not he had the right at that time to amend the nominating papers filed on July 3rd. On August 14, 1945, the defendant moved the court to dismiss the petition, and the motion was sustained and the petition was dismissed on the ground that the plaintiff had no right to maintain the action.

In Hettel v. Furste, 260 Ky. 844, 86 S. W. 2d 1018, a resident and voter of a magisterial district sought to enjoin the county clerk from causing the name of Edward R. Manson to be printed on the official ballots in the regular November, 1935, election as the Democratic candidate for the office of magistrate in the district on the ground that Manson's notification and declaration for the nomination was void because one of the two electors who signed the accompanying affidavit had not been sworn by any officer authorized to administer an oath. It was held the plaintiff had no right to maintain the action. In Davis v. Stahl, 287 Ky. 629, 154 S. W. 2d 736, the court held that a citizen and voter could not contest

the nomination of a candidate for a county or city office at a primary election on the ground that he had violated the Corrupt Practice Act, KRS 123.010 et seq. Cf. Dietz v. Zimmer, 231 Ky. 546, 549, 21 S. W. 2d 999.

On the authority of the foregoing cases and Little v. Bogie, 300 Ky. 668, 190 S. W. 2d 26, the judgment is affirmed.