## Wells v. Lewis.

Oct. 26, 1945.

Thomas D. Theobald, Jr., for appellant.

Stephens L. Blakely for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

Appellant, Lynn B. Wells, and appellee, Jesse K. Lewis, were rival candidates in the primary election held on August 4, 1945, for the Democratic nomination for the office of Circuit Judge of the 37th Judicial District. Lewis was successful and Wells contested his nomination on two grounds: (a) Lewis was not a resident of the District; (b) Lewis was guilty of corrupt practices. The trial judge sustained a general demurrer to the paragraph of the petition that set out the first ground of contest, because the action was not filed before the primary election as provided in KRS 119.170. Wooton v. Smith, 288 Ky. 48, 155 S. W. 2d 466. On a hearing of

the second ground on merits, judgment was entered in favor of Lewis.

No appeal was prosecuted from that judgment, but the day it was rendered Wells instituted this declaratory judgment action against Lewis. The petition avers that Wells is a legal voter of the District, and as Lewis' opponent in the primary he took an oath that he would support Lewis in the November election if Lewis was nominated; that Lewis is not a resident of the District and is not eligible to hold the office of circuit judge under Section 130 of the Constitution, and could be removed from office if elected. Wells asked a declaration of the court as to whether Lewis is eligible to hold the office and whether appellant as the defeated candidate is obligated to vote for him.

A special and a general demurrer to the petition were overruled and Lewis filed an answer which is a traverse. Proof was heard and the trial judge found that Lewis was a resident of the District, the petition was dismissed and Wells appeals.

We do not get to the merits of this controversy, since we are of the opinion that the trial judge should have sustained the special demurrer challenging appellant's right to bring this action. In Ditz v. Zimmer, 231 Ky. 546, 21 S. W. 2d 999, it was held that the Declaratory Judgment Act conferred no right upon residents, taxpayers and citizens to question the eligibility of one nominated in the primary to have his name go on the ballot in the general election. This court has many times written that only three persons have the authority to bring a suit to question the statutory or constitutional qualifications of a person to hold office, and those three are: A person who can show he is entitled to the office, the Attorney General, and the Commonwealth's Attorney. Wilson v. Tye, 126 Ky. 34, 102 S. W. 856, 31 Ky. Law Rep. 491; Morgan v. Adams, 250 Ky. 441, 63 S. W. 2d 479; Pratt v. Adams, 251 Ky. 381, 65 S. W. 2d 91; Hart v. Rose, 255 Ky. 576, 75 S. W. 2d 43; Rose v. Epperson, 272 Ky. 765, 115 S. W. 2d 336. See Davis v. Stahl, 287 Ky. 629, 154 S. W. 2d 736, holding that a citizen and voter has no right as such to file a contest action in a primary election. Also see two very recent opinions,

Little v. Bogie, 300 Ky. 668, 190 S. W. 2d 26, and Aubrey v. Oak 300, Ky. 669, 190 S. W. 2d 27.

The judgment is affirmed.