## Friley et al. v. Becker et al.

Nov. 2, 1945.

Chas. E. Lester, Jr. for appellants.

Daniel W. Davies for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

At the August 4, 1945, primary election, Frank

Becker was nominated by the Republican party as its candidate for the office of constable of the 7th magisterial district of Campbell county, and the Campbell county board of election commissioners awarded him a certificate of nomination. On October 4, 1945, James Friley and Carl Miller brought an action in the Campbell circuit court to enjoin the clerk of the Campbell county court from causing Becker's name to be printed on the official ballots to be cast in the regular November, 1945, election. The plaintiffs alleged that they were residents, taxpayers, and registered Republican voters of the 7th magisterial district, and that the defendant Becker had been convicted of a felony in the District Court of the United States for the Eastern District of Kentucky in November, 1930, and had been sentenced to serve a term of three years' imprisonment; that the judgment had never been modified or reversed, but had been satisfied by defendant's incarceration in a Federal prison. They further alleged that the defendant had not been pardoned and had not been restored to citizenship, and by reason of his conviction of a felony was disqualified to hold any office of profit or trust in the Commonwealth of Kentucky. On October 29, 1945, plaintiffs filed an amended petition in which they alleged that on October 24, 1945, the Governor of the Commonwealth of Kentucky, by an executive order, restored the defendant Becker to all rights and privileges of citizenship of which he had been deprived by the judgment of conviction referred to in the petition. They sought to convert the action into one under the Declaratory Judgment Act, Civil Code of Practice, section 639a-1 et seq., and asked that Becker's nomination be declared void because he was not qualified to have his name entered in the primary election. A demurrer to the petition as amended was sustained, and, the plaintiffs having declined to plead further, their petition as amended was dismissed. They have appealed.

We have held in a number of cases that citizens and voters cannot maintain an action of this nature. Some of the cases so holding are Dietz v. Zimmer, 231 Ky. 546, 21 S. W. 2d 999; Hettel v. Furste, 260 Ky. 844, 86 S. W. 2d 1018; Davis v. Stahl, 287 Ky. 629, 154 S. W. 2d 736; Little v. Bogie 300 Ky. 668, 190 S. W. 2d 26, and Aubrey v. Oak, 300 Ky. 669, 190 S. W. 2d 27; and Wells v.

Lewis, 300 Ky. 675, 190 S. W. 2d 28. In the last cited case we said:

"In Dietz v. Zimmer, 231 Ky. 546, 21 S. W. 2d 999, it was held that the Declaratory Judgment Act conferred no right upon residents, taxpayers and citizens to question the eligibility of one nominated in the primary to have his name go on the ballot in the general election. This court has many times written that only three persons have the authority to bring a suit to question the statutory or constitutional qualifications of a person to hold office, and those three are: a person who can show he is entitled to the office, the Attorney General, and the Commonwealth's Attorney."

On the authority of the foregoing cases, the judgment is affirmed.