**Edward T. BREATHITT et al., Appellants,**

v.

**WARREN COUNTY ELECTION COMMISSION et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 22, 1963.

Parker W. Duncan and William E. Allender, Bowling Green, for appellants.

Ray B. White, Paul R. and Joseph R. Huddleston, J. Reid Caudill, Bowling Green, for appellees.

CLAY, Commissioner.

In this suit (filed prior to the November 5, 1963 election) the Democratic candidates for the office of Governor, Lieutenant Governor, and City Prosecutor of Bowling Green sought an injunction against the Warren County Election Commission and one of its appointees, defendant Lowe. The Chancellor denied the relief requested.

The controversy concerns the alleged illegality of the Commission's act in appointing Lowe, a registered Democrat, as the Republican judge of the election for a voting place in Warren County. Plaintiffs contend the provisions and requirements of KRS 116.070 were violated.

The Chancellor adjudged that Lowe was qualified as an election officer to represent the Republican Party at this election, and that the Commission was acting within the scope of its authority and in compliance with the applicable statutes when it made the appointment. Without determining the correctness of this ground of the Chancellor's ruling, we are of the opinion an injunction was properly denied because the plaintiffs failed to allege or prove a right to relief.

Insofar as the plaintiffs are concerned, the apparent controversy is an academic one. They failed to allege or prove that the appointment of defendant Lowe, or the carrying out of his duties as an election officer, will in any way adversely affect or injure them either as candidates or as citizens and taxpayers. While there is an al-

legation in the complaint that the conduct of defendant Lowe "will serve to intimidate voters and tend to interfere with the free and fair casting of ballots", this is not only a speculative conclusion without evidentiary support, but it does not appear how this anticipated conduct will cause any, much less irreparable, injury *to the plaintiffs*. Assuming some basis for this charge (which we cannot find in the record), unless the plaintiffs show some damage different in character from that which may be sustained by the public generally, they have not established a right to relief. 28 Am. Jur., Injunctions, section 178 (page 681).

■ It is axiomatic that an injunction will not lie unless the defendant is doing or threatening an act which will be injurious to the one seeking the injunctive relief. Board of Trustees of Demossville Graded Common School Dist. v. Board of Education, 193 Ky. 502, 236 S.W. 1038. As said by the Supreme Court of the United States in United Fuel Gas Co. v. Railroad Comm., 278 U.S. 300, 310, 49 S.Ct. 150, 152, 73 L. Ed. 390:

> "Suitors may not resort to a court of equity to restrain a threatened act merely because it is illegal or transcends constitutional powers. They must show that the act complained of will inflict upon them some irreparable injury."

To the same effect is Morrow v. City of Louisville, Ky., 249 S.W.2d 721. The fact that public acts or officials are involved does not change the rule. See Hettel v. Furste, 260 Ky. 844, 86 S.W.2d 1018; Little v. Bogie, 300 Ky. 668, 190 S.W.2d 26.

Attention is called to two election cases which exhibit a recognizable injury authorizing injunctive relief. In Farleigh v. Reedy, 165 Ky. 782, 178 S.W. 1077, the plaintiff seeking an injunction was the Republican candidate for office who would be adversely affected by the action of the Board of Election Commissioners in failing to appoint election officers from a list fur-

nished by the Republicans. In Graham v. Treadway, 166 Ky. 768, 179 S.W. 1029, injunctive relief was granted against precinct election officers to require them to perform their duties when the plaintiff was a candidate for office who claimed that the illegal acts would result in his losing the election.

Under the circumstances of this case, perhaps a Republican candidate may have had just cause to complain that Lowe, a registered Democrat, was appointed to represent Republican interests at the polls. Possible prejudice to the opposing party is not a ground upon which plaintiffs, the *Democratic* candidates, may claim to have been injuriously affected.

Assuming, without deciding, that the appointment in controversy was unauthorized, since the plaintiffs did not establish any injury resulting therefrom, injunctive relief was properly denied.

As heretofore provided in our Order of November 4, 1963, the judgment is affirmed.